## CLARK Y. DAVIDSON *vs*. STATE OF MARYLAND.

*Plumbers—Registration— Criminal law—Review on Appeal —Entry of Judgment.*

Section 402 of Article 4, of the Code of Public Local Laws, provides that "it shall not be lawful for any person * * * engaged in the plumbing business in the City of Baltimore to employ as workmen in said business, any persons except those qualified to work as registered plumbers; and no person shall be qualified to work as a registered plumber unless he has made application to and received from the State board of commissioners of practical plumbing a certificate of competency * * * ." Section 403 prohibits any person from engaging in or working at the plumbling business without complying with the six sections that follow section 402. Section 404 requires every person who shall desire to work at the plumbing business to pass an examination before the State board of commissioners of practical plumbing touching his competency and qualifications; and if they find him competent and qualified to work at the business, they are required to grant him a certificate of competency, and register him in their books as a practical plumber, which shall give full authority to conduct and engage in the business of plumbing. HELD:

That a person who has not been examined, and registered as a practical plumber in the books of the State board, may engage in the plumbing business; make contracts for furnishing all the necessary materials and doing all the necessary work in plumbing, provided he does not personally perform any of the manual work of plumbing, but employs other persons to do it, who are duly examined and registered plumbers, holding the certificates of competency required by law.

By the Act of 1809, ch. 144, a person presented or indicted for crime was permitted to submit to the Court, which was authorized and empowered to decide "on the whole merits of the case," and the Act of 1785, ch. 87, sec. 6, gave a right of appeal in prosecutions for any penalty, fine, or damages. HELD:

That where the facts in the trial of a criminal case are spread on the record, and the Court has declared the law arising on them,

Davidson *vs.* State.

an appeal brings the rulings before the appellate Court for review. and a judgment can be entered although in the statement of facts no clause is inserted, as required in civil cases, making provision for the entry of the judgment after the Court's opinion has been expressed on the question submitted.

APPEAL from the Criminal Court of Baltimore City.

The case was submitted on an agreed statement of facts to the Court below, (HARLAN, J.) sitting as a jury, who found the traverser guilty, and imposed upon him a fine of fifty dollars; thereupon the traverser appealed. The case is further stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and MCSHERRY, J.

*W. Cabell Bruce,* and *William A. Fisher,* with whom was *D. K. E. Fisher,* on the brief,) for the appellant.

*William P. Lyons,* and *John Prentiss Poe, Attorney-General,* (with whom was *Charles G. Kerr, State's Attorney,* for Baltimore City, on the brief,) for the appellee.

The question presented by this appeal is, did Mr. Davidson upon the agreed statement of facts "engage in the plumbing business" within the meaning of the statute? The appellant contends that simply because he did not personally do the manual work of plumbing he has not "engaged in the business." The language of a statute should be construed according to its natural and ordinary sense and meaning. *State vs. Archer,* 73 *Md.,* 44; *Cearfoss vs. State,* 42 *Md.,* 403; *Lambreeht vs. State,* 57 *Md.,* 240; *Bishop on Written Laws, sec.* 102.

As ordinarily used, the words to "engage in a business" have no such restricted signification as that suggested by the appellant. To engage in a business means to carry on or conduct a business. *Century Dictionary, page* 835, "*to carry on*" *and page* 1176.

Davidson *vs.* State.

The words are frequently used in statutes in the sense just quoted, and are evidently intended to include those who do not do the manual work of the business in which they are engaged, and are often applicable to this class alone. *Code of Public General Laws, Art.* 37, *sec.* 100; *Art.* 56. *secs.* 37, 56; *Art.* 27, *sec.* 145; *U. S. Rev. Stats. Int. Rev.*, *ch.* 3, *sec.* 3233; *ch.* 4, *secs.* 3259, 3263, 3279, 3281; *ch.* 8, *sec.* 3408.

The same use of the words " engage in a business," not excluding those who do not personally do the manual labor of the business, but in many instances referring exclusively to them, may be frequently found in the decisions of the Courts. *Roberts & Co. vs. Bonaparte,* 73 *Md.*, 204, 207; *Davis, et al. vs. U. S. Electric, &c. Co., ante page* 35; *Riley, et al. vs. Carter & Aiken, Trustees,* 76 *Md.*, 581; *Harris vs. Mayor, &c., of Balto.*, 73 *Md.*, 34; *Machen and De Ford vs. Hooper,* 73 *Md.*, 370; *St. Clair vs. Cox,* 106 *U. S.*, 357, 359, 360; *Mugler vs. Kansas,* 123 *U. S.*, 623; *Tiernan vs. Rinker,* 102 *U. S.*, 123; *Crutcher vs. Kentucky,* 141 *U. S.*, 47; *Selden vs. Eq. Trust Co.*, 94 *U. S.*, 419; *Bank for Savings vs. The Collector,* 3 *Wall.*, 495; *Good Hope Co. vs. Railway Barb Fencing Co.*, 22 *Fed. Rep.*, 635, 636, 637; *Ex parte Mirande,* 73 *Cal.*, 365; *Harris vs. State,* 50 *Ala.*, 127.

It will be noted that, in the statutes and decisions cited, corporations which can act only through agents are said to be "engaged in business," and a corporation or partnership, or individual doing business in a State, solely through agents, is said to be engaged in business in that State, though the main office of the corporation, partnership or individual, and the residence of the individual or members of the firm may be located in another State, and the charter of the corporation granted by such other State.

In the citation from section 3279, of the *Rev. Statutes, U. S.*, the distinction is made between a person *engaged*

*in the business,* and one *working at the business,* and different penalties are provided for the cases. See *State, ex rel. Dawson, in re Strawbridge and Mays,* 39 *Ala.,* 367; *Ex parte Smith,* 2 *Pugsley,* (*N. B.,*) 147.

Looking at the statute itself it will appear that the words "engage in" were intended especially to include those who do not personally perform the manual work of plumbing.

In case of doubt as to the meaning of a statute, its title may be considered. (*State vs. Archer, supra.*) By the title the original Act of 1886, ch. 439, is called "An Act to prevent incompetent persons from conducting the business of plumbing." To conduct a business does not necessarily mean to work at a business; it means rather to carry on, to manage a business. In this sense these words, like the words to engage in a business, will be found frequently in statutes and decisions. *Secs.* 144, 148, 201, *of Art.* 27 *of the Code; Davis vs. Brush Electric Co.,* (*supra ;*) *Harris vs. Mayor, &c., of Baltimore,* 73 *Md.,* 30; *Paul, &c. vs. Locust Point Co.,* 70 *Md.,* 288; *Roberts & Co. vs. Bonaparte,* 73 *Md.,* 204.

If the meaning of the statute be limited in the way indicated by the appellant, the beneficent effect of the statute will be much abridged. The purpose of the Legislature was to promote the health of Baltimore City by preventing incompetent plumbing in that city, and this was to be effected by providing that both those who worked at the business and those who engaged in and conducted it should be duly qualified. It is common experience that the efficiency of any work depends, at least, as much upon him who superintends and directs the work as upon the workmen doing it. The selection of the materials to be used in many jobs in plumbing demands peculiar discriminating knowledge and experience. See *Singer vs. State,* 72 *Md.,* 464.

BRYAN, J., delivered the opinion of the Court.

Davidson was indicted on the charge that he "unlaw-fully did engage in the plumbing business in the City of Baltimore, without having first received from the State Board of Commissioners of Practical Plumbing a certifi-cate of competency." The case was submitted to the Court on an agreed statement of facts. It appeared that the traverser was engaged in the plumbing business; that he made contracts for furnishing all the necessary materials and doing all the necessary work in plumbing; that he did not personally perform any of the manual work of plumbing, but employed other persons to do it, who were duly examined and registered plumbers hold-ing the certificates of competency required by law; and that he himself did not have a certificate of competency, nor was he registered as a practical plumber in the books of the State Board.

The law under which the traverser is indicted is em-braced in sections 402–408 of the Public Local Law of the City of Baltimore. By section 402 it is enacted that "it shall not be lawful for any person, firm or cor-poration engaged in the plumbing business in the City of Baltimore, to employ as workmen in said business, any persons, except those qualified to work as registered plumbers, and no person shall be qualified to work as a registered plumber unless he has made application to and received from the State Board of Commissioners of Practical Plumbing, a certificate of competency and has complied with the provisions of the six following sections." It will be seen that this section recognizes the fact that a corporation may engage in the plumbing business; this circumstance will be important when we consider the other sections. Section 403 prohibits any person from engaging in or working at the plumbing business without complying with the six sections which follow section 402. Section 404 requires every person

who shall desire to work at the plumbing business to pass an examination before the State Board of Commissioners of practical plumbing touching his competency and qualifications; and if they find him competent and qualified to work at the business, they are required to grant him a certificate of competency, and register him in their books as a practical plumber, which shall give full authority to conduct and engage in the business of plumbing. Section 405 refers to the payment of a sum of money for the certificate; section 406 to the disposition of the money received for the certificates; sections 407 and 408 refer to the tenure of office by the Commissioners, and their power to make rules and regulations. There is some little confusion in the language of these sections. But it distinctly appears that no one is required to be examined, and to receive a certificate from the State Board, unless he desires to work at the plumbing business as a practical plumber. The language of section 404 is explicitly restricted to such persons; and it would be impossible to extend by construction, the duty of undergoing an examination to those who are engaged in the business without doing the manual work, because a corporation may so engage in the business, and it would be absurd to say that it should be examined. The duty imposed on this latter class of persons is to employ only those who are qualified to work as registered plumbers. The meaning of section 403 is not altogether clear. It is impossible to give it a literal construction. It makes it a misdemeanor to engage in or work at the plumbing business without first complying with the six sections following the 402nd. Now the 406th, 407th and 408th refer exclusively to the Board of Commissioners. The 405th regulates the fees to be paid by those who successfully pass examinations. The 404th, the only remaining section, requires, as we have seen, the examination only of those who desire

to work at the plumbing business. The only way in which persons who are engaged in the plumbing business without doing the manual work could comply with section 404, would be by recognizing those who had received the certificates, and refusing to employ any other persons. It is stated in this section that the certificate of competency and registration as a practical plumber shall give authority to conduct and engage in the business of plumbing. It had been enacted in effect by 402nd section that duly registered plumbers should have a right to work in the business. The provision that they should have authority to conduct and engage in the business may have been inserted from abundant caution in section 404, so as to repel an inference that practical plumbers were restricted to manual work, and were not entitled to superintend and manage the business. But whatever may have been the reason of its insertion it cannot have the effect of nullifying the previous part of the section which provides for the examination only of those who desire to do the work.

A question was suggested at the argument by a member of the Court whether the statement of facts in the case was sufficient to authorize the Court to render judgment. In civil cases it is well settled that a judgment cannot be rendered unless in the statement of facts a clause is inserted making provision for its entry after the Court's opinion has been expressed on the question submitted. 12 *Gill & Johnson,* 498 ; *Burgess vs. Pue,* 2 *Gill,* 254. We shall see what is the procedure in criminal cases. By the Act of 1809, chapter 144, a person presented or indicted for crime was permitted to submit to the Court, and thereupon in the language of the statute it "was authorized and empowered to decide on the whole merits of the case." As was said in *Rawlings vs. State,* 2 *Md.,* 215, the accused in the exercise of a legal right could require "the Court to examine into

all the circumstances of the charge against him ; the
State was left no alternative but was compelled of neces-
sity to go before the tribunal thus selected, as well upon
the facts as upon all questions that might arise on the
record.'' If the facts were spread on the record, the
duty of the Court was to decide the question of law
arising upon them.   This duty was, of course, impera-
tive and unqualified, and was not a function dependent
on agreement of parties as in civil cases.   In *Keller vs.
State*, 12 *Md.*, 328, in a case which had been sub-
mitted to the Court, it was said :   "We have no diffi-
culty in saying that the proceedings below placed the
facts upon the record as a part thereof, by which the law
of the case must be determined.''   The Act of 1785,
chapter 87, section 6, gave a right of appeal in prosecu-
tions for any penalty, fine or damages.   Now the facts
being on the record and the Court having declared the
law arising on them, it is a necessary consequence that
the appeal brings the ruling of the Court before us for
review.   The Acts which we have mentioned have been
codified and appear in the Code as Article 27, section
282 ; and Article 5, section 2.

The offence charged in this case is punishable by a
fine to be sued for in the name of the State and before a
Justice of the Peace of the City of Baltimore.   But as
no point was made on this matter at the argument, we
shall simply reverse the judgment, without further com-
ment.

To guard against all possible misapprehension we will
say that when we speak of spreading the facts on the
record we, of course, mean that it must be done accord-
ing to the rules of practice.   The record is supposed to
be made under the eye and by the direction of the Court.
There are recognized modes of presenting facts to the
Court for its judgment upon them.   When a demurrer
is filed to an indictment the Court must decide the

question whether the facts stated in the indictment constitute a crime ; and so, in case of demurrer to a plea, whether the facts stated are a sufficient defence to the charge made in the indictment. If a special verdict is found the facts are also properly presented for the Court's judgment. In the present case the defendant showed them to the Court by a written statement admitted to be true by the State, and in accordance with the statute submitted himself to its judgment.

*Judgment reversed.*

(Decided 16th March, 1893.)