ABRAM CARTER v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Decided May 24th, 1898.)

*Action to Recover Usurious Interest Paid—Usury—*
*Statute of Limitations.*

1. Where a life insurance company lent to a borrower a sum of money at the full legal rate of interest, payable monthly, its repayment being secured by a deed of trust, but also required the borrower to take an endowment policy in said company on his life, the monthly premiums on which for life or a term of years were also secured by the deed of trust. *Held,* that the contract was usurious.

2. Under Section 3836 of *The Code* (which governs contracts prior to February 21st, 1895, the date of the ratification of Chapter 69, Acts of 1895,) an action to recover twice the amount of usurious interest paid must be brought within two years from the date of the payments of such interest.

CIVIL ACTION brought by the plaintiff under Section 3836 of *The Code* to recover double the amount alleged to have been paid and received as usurious interest, tried before *Robinson, J.,* and a jury at January, 1898, Special Term of GUILFORD Superior Court. The summons was issued January 20th, 1896. The facts appear in the opinion.

*Mr. Charles L. Stedman* for plaintiff.
*Mr. Robert D. Douglas* for defendant (appellant).

FURCHES, J.: This is an action to recover double the amount of usurious interest paid by the plaintiff to the defendant. On the 25th October, 1890, the plaintiff borrowed of the defendant $200, for which he gave his note at 6 per cent. interest. But, to enable him to do this, he was compelled to take an endowment policy on his life in the defendant company, for which he was re-

quired to pay $2.40 per month, making his monthly payments $3.40. The $200 and interest and the monthly instalments on the insurance policy were all secured by deed of trust to Steel and Dalton. The plaintiff commenced to pay the monthly instàlments, which he continued to make up to June 24, 1893, when they, together with subscription fee and a fine paid by plaintiff, amounted to $113.60. The plaintiff failed to pay anything on this contract after the 24th June, 1893—forty per cent. being more than he could stand. The defendant let the matter rest until the 12th March, 1894, when it caused the plaintiff's land to be sold by the trustees, Steel & Dalton, claiming that $209 was due at that time. The property sold for barely enough to pay the defendant the amount it claimed ($209) and the costs and expenses of the sale, which amount was paid to the defendant. This action was commenced on the 20th day of January, 1896, which defendant contends was too late.

There appears to be no dispute as to the facts involved, and it seems to us that the cases of *Miller* v. *Insurance Company*, 118 N. C., 612, and *Roberts* v. *Insurance Company*, Ibid, 429, are decisive of the law involved in this ·case. *Miller* v. *Insurance Company* decided that this was a usurious contract under which the defendant was entitled to recover no interest. *Code* Section 3836. *Roberts* v. *Insurance Company* decides that the plaintiff can only recover double the interest paid within two years from the commencement of his action. *Code* Section 3836. The plaintiff made no payment within two years of the commencement of this action, except that made by the trustees, Steel and Dalton—being the proceeds of the mortgaged property. The statute, Section 3836, of *The Code*, does not forfeit the principal of

the debt, but only the interest. The principal of this debt is admitted to be $200. This is all that was due the defendant at the sale, and anything paid him by the trustees, over $200, was usurious, and the plaintiff is entitled to recover double this amount (claimed to be $9.00), and if this is correct, judgment should be for $18.00.

We have not felt called upon to enter into a discussion of the law involved in this case, but have satisfied ourselves by announcing what the law is—as every question involved in this case is fully discussed in Miller's case and Roberts' case, *supra*, and any discussion here would be but to repeat what is there said. There are no equities involved in this case, and can be none. It is entirely statutory. There is

Error.

DOUGLAS, J., having been of counsel, did not sit on the hearing of this appeal.