## NATIONAL BONDHOLDERS CORPORATION *v.* KELLY et al.

No. 12061. MARCH 8, 1938.

*Pearce Matthews*, for plaintiff in error. *J. K. Jordan*, contra.

HUTCHESON, Justice. 1. "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing; but in no event shall any person, company, or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Code, § 57-101. The provision in § 57-116, that "Any person, natural or artificial, in this State, lending money to be paid back in monthly installments, may charge interest thereon at six per

cent. per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly installments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious," being in derogation of § 57-101, should be strictly construed. Its terms are not ambiguous; and if they be given effect, the benefits of the section can be obtained only when the entire loan is made repayable in the manner provided. Accordingly, where a single loan is made, with no agreement or understanding that it be divided into two loans, and to a portion of the principal is added interest on such portion at the rate of six per cent. per annum for the entire period of the loan, ten years, and the aggregate amount of such principal and interest is divided into monthly installments, to which installments is added interest at eight per cent. per annum accruing monthly on the other portion of the principal, which other portion of the principal becomes due and payable on the due date of the last installment, and the contract of loan does not on its face disclose such plan of division and computation of interest, but contracts for the payment of more than eight per cent. interest per annum, such contract is in violation of the laws against usury, and the borrower upon repayment of the principal of the loan is entitled to a cancellation thereof. Code, § 57-112.

2. Upon application of the foregoing principles to the facts of the instant case as found by the auditor and unexcepted to, which are substantially as set forth above, the judge did not err in overruling the exceptions to that part of the auditor's report finding the loan usurious, and in ordering cancellation of the notes and deed evidencing the usurious loan, it being undisputed that the borrower had more than repaid the principal thereof.

*Judgment affirmed. All the Justices concur.*