27841.    PEOPLES BANK *v.* MAYO.

DECIDED FEBRUARY 28, 1940.    REHEARING DENIED MARCH 26, 1940.

*Ezra E. Phillips,* for plaintiff in error. *V. K. Meador,* contra.

MacIntyre, J. This court, in *Gore* v. *Industrial Loan & Savings Co.,* 52 *Ga. App.* 401, 404 (183 S. E. 499), said: "The Code, § 57-101, makes it illegal to reserve, charge, or take for any loan or advance of money any rate of interest greater than 8 per cent. per annum, either directly or indirectly by way of commission for advances, discount, or by any contract or contrivance or device whatever. 'Any person, company, or corporation violating the provisions of section 57-101 shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged, or taken.' § 57-112." However, there are exceptions to the rule that 8 per cent. per annum is the maximum legal rate of interest. Among these exceptions is what is known as the small-loan act of 1920, as amended by the act of 1935 (Code, §§ 25-301 et seq.); another (Code, § 57-116) which declares: "Any person, natural or artificial, in this State, lending money to be paid back in monthly installments, may charge interest thereon at six per cent. per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly installments, and may take security therefor by mortgage with waiver of exemption or title, or both, upon and to real estate or personal property or both; and the same shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious." This section is applicable even though the interest on such loan, by reason of extending the monthly installments over a long enough period of time, would amount to more than 8 per cent. per annum; and another, when the loan is made by a building and loan association or other like association such as is designated by the Code, §§ 16-101 et seq.

The plaintiff contends that it comes within the provisions of the Code, §§ 16-101 et seq., which apply to "other like associations." The judgment rendered by the appellate division of the civil court of Fulton County, signed by Judge Ralph McClelland, judge presiding, and concurred in by Judge T. O. Hathcock and Judge Robert Carpenter Jr., is correct, and is so clearly expressed that we adopt it as our judgment. The judgment is as follows: "It appears from the record in the above-stated case that appellant bor-

rowed $250 from the appellee, and received therefor $194.25, the sum of $32.50 being deducted as interest on the basis of eight per cent. per annum for twenty months; $5 was deducted as an investigating fee; $11.50 was deducted for expenses in making the loan; $5 was deducted for insurance on the life of the maker of the note; and $0.75 was deducted for recording fee. The loan was secured by bill of sale to certain household furniture and personal effects. The loan was repayable in monthly installments of $12.50 per month, extending over a period of twenty months. Appellant contends that the charges made and above listed were illegal deductions, for the reason that it violated the statute governing such associations in making a loan which did not mature within twelve months. Appellee contends that it was doing business under the statute governing building and loan associations and other like associations, and it was authorized to make the charges referred to. The statute regulating building and loan associations and other like associations reads as follows: '16-101. (2878) Loans to persons not members; rate of interest. All building and loan associations, and other like associations doing business in this State [here the term "other like associations" is described] are authorized to lend money to persons not members thereof, nor shareholders therein, at eight per cent. or less, and to aggregate the principal and interest at the date of the loan for the entire period of the loan, and to divide the sum of the principal and the interest for the entire period of the loan into monthly or other installments, and to take security by mortgage with waiver of exemption or title, or both, upon and to real estate situated in the county in which said building and loan association may be located; and such building and loan association shall be construed to be located in any county where it has an office, agent, or resident correspondent.' It is clearly apparent that so much of the statute above set forth deals exclusively with loans made where real estate is taken as security. The remainder of the Code section is as follows: 'Provided, however, the associations shall not be compelled to lend their funds exclusively in the manner hereinbefore specified, but also shall have authority to make loans to members of the industrial and working classes and to all other persons, due at fixed intervals not exceeding twelve months, and secured in whole or in part by personal indorsements and by its own fully paid stock, or stock payable on the in-

stallment plan, certificates of indebtedness, fully paid or payable on the installment plan, or both indorsements and such securities, or other personal security and choses in action; and on such loans so made and secured as aforesaid, it shall be lawful to deduct interest in advance, but not to exceed eight per cent. discount, and the installment payments, if any, made on such hypothecated stock or certificates of indebtedness during the time the loan is of force may or may not bear interest, at the option of the association, and the taking of said installment payments on said hypothecated stock, certificates of indebtedness, choses in action, or other evidences of indebtedness, shall not be deemed usurious.' It is equally clear that when a loan is made and secured by personal property the maturity of such loan shall not exceed twelve months. Payments on the loan under consideration matured at intervals over a period of twenty months. This was in violation of the statute quoted, and was therefore a usurious transaction. The amounts deducted as interest, investigating fee, etc., were improperly allowed, and such amounts should have been credited on the principal. The trial court erred in directing a verdict for the full amount sued for [$175], and such verdict and judgment is hereby reversed; and final judgment is rendered by the appellate division in favor of the Peoples Bank and against H. L. Mayo for the sum of $115.95."

The concluding section of the chapter of the Code on "Interest and Usury" declares: "No person, company, or corporation shall reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than five per centum per month, either directly or indirectly, by way of commission for advances, discount, exchange, the purchase of salary or wages, by notarial or other fees, or by any contract, contrivance, or device whatever; save and except only that regularly licensed pawnbrokers, where personal property is taken into their actual physical possession and stored by them, may charge, in addition to said rate of interest, not exceeding 25 cents at the time said property is first taken possession of by them for the storage of said property. This section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereof." Code, § 57-117. In considering the question of usury it is always well to keep this section in mind. The judgment of the appellate division of the civil court is

*Affirmed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J.   The act of 1925 (Ga. L. 1925, pp. 370, 382, § 41), provides in part as follows: "Be it further enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that there shall be an appellate division of said court for the *rehearing* of matters arising in civil causes therein, and with power to grant or refuse new trials and *render final judgments* in cases brought to said appellate division as herein provided.  Said appellate division shall consist of three judges of said court, to be designated by the chief judge of said court, none of which shall be the trial judge whose judgment is being appealed from." (Italics ours.)   The appellate division of the Atlanta municipal court was authorized to find that, in addition to charging the borrower a higher rate of interest than the legal rate, the lender charged, as a part of the consideration of the loan itself, certain other sums, and that the arrangement for the payment of these additional sums was a mere scheme or device to evade the statute against usury. *Sanders* v. *Nicholson,* 101 *Ga.* 739 (28 S. E. 976).   The court having so found that the contract upon which the suit was brought was infected with usury, the appellate division did not err in crediting on the principal the amounts paid, which, by virtue of the usury charge, had been applied to interest.   *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801, 808 (132 S. E. 221).   In the instant case, the court (the appellate division) found from the evidence, and it was authorized so to find, that the sums paid in addition to the full legal rate of interest entered into and became a part of the consideration moving the lender to make the loan itself.   *Lewis* v. *Citizens Bank,* 53 *Ga. App.* 545 (186 S. E. 457), cited by plaintiff in error, is distinguishable from the instant case. In that case the borrower had paid the full legal rate of interest and in addition thereto had made certain payments, as compensation for professional services rendered to the *borrower* by an attorney to examine the public records, and to pay the expense of recording the mortgage, which payments, however, did not enter into and become a part of the consideration moving the *lender* to make the loan itself.

In this case the defendant in error borrowed $250 from the plaintiff in error, and received therefor only $194.25, $32.50 being deducted as interest on the basis of eight per cent. per annum for

twenty months; $5 was deducted as an investigating fee; $11.50 was deducted for expenses in making the loan; $5 was deducted for insurance on the life of the maker of the note; and $0.75 was deducted for recording fee. The loan was secured by a bill of sale to certain household furniture and personal effects. The loan was repayable in monthly installments of $12.50 per month, extending over a period of twenty months. We might observe that if all banks in a community universally used the system or scheme here adopted of charging large and small borrowers on each loan a fee, in addition to the maximum legal rate of interest, for its *own* investigation of each loan (an investigation by its regularly paid, salaried agents is but its own investigation), it would be at least unfortunate for that community.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*