### 28751. KNIGHT v. THE STATE.

DECIDED FEBRUARY 24, 1941. REHEARING DENIED APRIL 1, 1941.

*John E. Feagin,* for plaintiff in error. *R. R. Jackson, C. E. Moore,* for persons at interest. *Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. The defendant was tried in the criminal court of Fulton County on an indictment containing five counts, each count charging a misdemeanor. The first count was based on Code, §§ 25-301, 25-9902, and charged him with engaging in the business of lending money in amounts of $300 or less and charging and receiving thereon a greater rate of interest than 8 per cent. annually, without having a license from the superintendent of banks. The other four counts were based on Code, § 57-117, and charged him with charging and receiving in specific instances more than 5 per cent. per month on small loans made to certain named persons. He was convicted on all five counts. His petition for certiorari was overruled in the superior court, and that judgment

is assigned as error. The defendant contended that the transactions charged in the indictment constituted only a purchase of salary, while the State insisted that they made out a case of conducting a business of lending money, and that under the evidence adduced the written "salary assignments," taken from the persons who received the money from the defendant, were mere subterfuges to evade the usury laws.

In *Crowe* v. *State,* 44 *Ga. App.* 719, 722 (162 S. E. 849), this court said: "The accused claimed that he had neither made nor authorized any loan to be made to Hattie Franklin, but had merely purchased from her an undivided interest in her salary account with her employer. He introduced in evidence writings signed by Hattie Franklin and tending to corroborate his claim with respect to the nature of the transaction between them. But while the Franklin woman admitted signing the writings, she further testified to facts tending to show that the real inwardness of the transaction was substantially as set forth in the accusation; that the writings were only a part of the lender's device for covering up the usury charged; and that what the lender . . actually intended to do, and did do, was to charge and take the sum of three dollars per month for an advance or credit of ten dollars, so doing for a period of twelve months, thereby collecting $36 interest on a $10 loan without reducing the amount of the principal debt as claimed by him. The only question arising from the evidence and the defendant's statement was one of fact, and was for determination by the jury. The verdict of the jury, having the approval of the trial judge, can not be disturbed by this court." The above-quoted ruling was approved and followed in *Harris* v. *State,* 45 *Ga. App.* 477 (165 S. E. 331). In *Pope* v. *Marshall,* 78 *Ga.* 635, 640 (4 S. E. 116), Chief Justice Bleckley said: "Whether a given transaction is a purchase of land, or a loan of money with title to the land taken as security, depends not upon the form of words used in contracting, but upon the real intent and understanding of the parties. No disguise of language can avail for covering up usury, or glossing over an usurious contract. The theory that a contract will be usurious or not according to the kind of paper bag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." In our

opinion, the principle of the above-stated decisions is applicable and controlling in the instant case, and the evidence authorized the jury to find that the transactions charged in the indictment were violations of the usury laws and that the written "salary assignments" were subterfuges to cover up the usury charged. The cases cited in behalf of the accused are differentiated by their particular facts from this case.

The first special assignment of error in the petition for certiorari is upon the refusal of the court to declare a mistrial because a witness for the State testified that he had received from the defendant a sum in settlement after the return of the indictment. On motion of counsel for the accused the jury were retired and a motion for mistrial was made. After the return of the jury the court stated: "I overrule the motion for mistrial, but, gentlemen of the jury, let me give you these instructions: the court rules out of the evidence the statement of the witness that some money had been repaid to him or been paid back to him. Do not let yourselves be influenced by that testimony in making your decision in this case. Don't consider it." As to this alleged error, counsel for the accused relies principally upon the decision in *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602). In that case the defendant was convicted of murder and sentenced to death. During the trial two motions for a mistrial were made by the accused. One motion was based on alleged improper argument by the solicitor-general which *put the character of the accused in issue.* The other motion was based upon the testimony of certain witnesses which also *put his character in issue.* The judge overruled the motions, but instructed the jury not to consider the statement of the solicitor-general that the accused ran a bootlegging joint, and not to consider the testimony of the witnesses objected to by the defendant. In the body of its opinion the Supreme Court said: "It is our opinion, under the particular facts of this case, that improper and irrelevant matter was injected into the trial, *not once but several times;* and *in view of the death sentence,* and of the fact that the evidence was in sharp conflict, *as well as other circumstances* above referred to, we can not hold that the defendant was not prejudiced, and that the jury were not influenced thereby." (Italics ours.) The facts of that case clearly distinguish it from this case. In our opinion the court did not abuse its discretion

in denying the motions for a mistrial. The other special assignments of error, complaining of errors of commission and of omission in the charge of the court, when considered in the light of the entire charge and the facts of the case, show no cause for a reversal of the judgment. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*