## 29619, 29631, 29632, 29648. SOUTHERN LOAN AND INVESTMENT COMPANY v. THE STATE.

 ′ Decided October 1, 1942.

*Duke Davis, L. M. Wyatt,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

BROYLES, C. J. The defendant company was tried on four separate indictments charging it with the offense of usury. By consent the four cases were tried together and the defendant was found guilty in each case. In each case a motion for new trial was denied and that judgment was assigned as error in each bill of exceptions. One indictment charged that the defendant did unlawfully "reserve, charge and take from a loan and advance of money and forbearance to enforce the collection of a sum of money, to wit, the sum of twenty-five dollars, a rate of interest greater than five per cent. per month by way of commissions for advances, discount, exchange, and by contract and contrivances, and other devices to the grand jurors unknown, from Grady L. Johnson for which said sum of money, to wit, twenty-five dollars, the accused . . did charge and take interest thereon from the said Grady L. Johnson at the rate of seven dollars and fifty cents for the use of said money for thirteen weeks, which said rate of interest amounted to more than a rate of five per cent. per month, contrary to the laws of said State." The other three indictments were identical with the one just quoted from, except as to the dates, the amounts of money borrowed, and the names of the borrowers.

The indictments were drawn under the Code, § 57-117, the material parts of which read as follows: "No person, company, or corporation shall reserve, charge or take for any loan or advance of money, or forbearance to ᵧenforce the collection of any sum of money, any rate of interest greater than five per centum

per month, either directly or indirectly, by way of commission for advances, discount, exchange, the purchase of salary or wages, by notarial or other fees, or by any contract, contrivance, or device whatever. . . This section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereof." In each case the evidence authorized the jury to find the following facts: the person borrowing the money from the defendant, at the time of receiving it, was required to sign two notes or contracts, one promising to pay back the amount of the money borrowed, and the other agreeing to pay a stated sum for a stated number of shares of the preferred stock of the defendant company at one dollar a share; and that the aggregate sum of the two notes disclosed that the borrower was being charged a rate of interest greater than five per centum per month, *provided that the contract for purchasing the stock was a mere scheme or device of the defendant to evade the usury laws.*

In *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221), headnotes 1 and 2 read as follows: "Under the laws of Georgia the exaction of a higher rate of interest for the use of money than eight per centum per annum is unlawful, and prevents the collection of any interest whatever. The ingenuity of man has not devised a contrivance by which usury can be legalized, if it appears that the purpose of the scheme was to exact a larger profit for the use of the money actually advanced than eight per cent. per annum. In determining whether the contract is usurious the substance of the transaction will be critically inspected and analyzed; for the name by which the transaction is denominated is altogether immaterial if it appears that a loan of money was the foundation and basis of agreement which is under consideration. The question as to whether one intends to exact usury by a contrivance or device or whether the alleged charge is bona fide for actual services is for the determination of the jury; and consequently under the facts pleaded in this case the court erred in sustaining the demurrers, thereby adjudging that there was no usury in manner and form as insisted by the defendants." In *Pope* v. *Marshall,* 78 *Ga.* 635, 640 (4 S. E. 116), Chief Justice Bleckley said: "Whether a given transaction is a purchase of land, or a loan of money with title to the land taken as security, depends not upon the form of words used in contracting,

but upon the real intent and understanding of the parties. No disguise of language can avail for covering up usury, or glossing over an usurious contract. The theory that a contract will be usurious or not according to the kind of paper bag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." In *Knight* v. *State,* 64 *Ga. App.* 693 (14 S. E. 2d, 225), the defendant was convicted of usury. He contended that the transaction charged in the indictment constituted only a purchase of salary, while the State insisted that under the evidence written "salary assignments," taken from the persons who received the money from the defendant, were mere subterfuges to evade the usury laws; and this court held that the evidence authorized the jury to find that the transactions set forth in the indictment were violations of the usury laws and that the written "salary assignments" were subterfuges to cover up the usury charged. See also *Crowe* v. *State,* 44 *Ga. App.* 719, 722 (162 S. E. 849).

In the instant cases the controlling question is whether the contracts for the purchase of the defendant's stock by the borrowers named in the indictments were bona fide contracts for value received, or whether they were mere schemes and devices of the defendant to enable it to evade the usury laws. This question was one of fact, and was for the jury to determine. *Crowe* v. *State,* supra. The evidence authorized a finding of the following facts: The borrowers named in the indictments obtained small sums of money, ranging from ten to twenty-five dollars; they only desired to get the money and not to buy any stock of the defendant, and yet, in order to obtain the money, they were required by the defendant to sign a separate contract for the purchase of a stated number of shares of the preferred stock of the defendant corporation. The borrowers of the money were working people of limited means, and were not of the stock-buying class, and this was well known to the defendant. None of the borrowers named in the indictments ever received any stock certificates or receipts showing that he owned any stock, and none of them ever received any stock dividends. The defendant's charter showed that its capital stock consisted of 200 shares of common stock and 1000 shares of preferred stock, and that the rights of

the preferred stock were to be determined by the by-laws. And the by-laws provided that the preferred stock should bear dividends of seven per cent. per annum from the earnings of the corporation, but that the dividends would be due and payable "when earned at the first dividend paying period twelve months after the issuance of such preferred stock." The by-laws further provided that "any and all indebtedness of any person holding shares of stock to the corporation shall constitute a lien on said shares, and in the event of failure to fully pay for the shares purchased or subscribed for the board of directors shall have the right to declare the amount paid a forfeiture for the failure to pay the balance." Under the above-stated facts, and the other evidence adduced, the jury were authorized to find in each case that the contract to purchase stock of the defendant executed by the borrower named in the indictment was not a bona fide contract for value received, but was a scheme and device of the defendant to evade the usury laws of this State. The cases cited in behalf of the accused are distinguished by their facts from this case. The verdict in each case was authorized by the evidence.

In all four cases the special grounds of the motions for new trial are substantially identical. Special ground 1 complains of the court's denial of movant's motion to quash the subpœna duces tecum requiring its secretary-treasurer to produce its records for the use of the State in making out its case against movant. The record fails to show that the judgment was excepted to pendente lite; and the bills of exceptions contain no assignment of error on the judgment. Under repeated rulings of the Supreme Court and of this court, a motion to quash is of the nature of a general demurrer, and the rulings relating to the proper assignment of error on a judgment overruling a demurrer are applicable to a judgment overruling a motion to quash. And it is well settled that a judgment on a demurrer can not be the basis of a ground of a motion for new trial. *Polhill* v. *State,* 25 *Ga. App.* 383 (103 S. E. 469) ; *Cary* v. *State,* 55 *Ga. App.* 167 (189 S. E. 625). The ground can not be considered by this court. Special grounds 2 to 5 inclusive assign error on the rejection of certain testimony offered by movant to show, by special transactions with other persons and by the general knowledge of the proffered witnesses, the manner in which movant's business was conducted, and that movant never charged or collected any interest greater than five per

cent. a ·month. We see no merit in these grounds. The record discloses that the charter, by-laws, and the other records of movant were in the court-room during the trial, and it is self-evident that such records are the best evidence of the manner and method adopted by movant in the operation of its business. "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." Code, § 38-203. In *West End Park Co.* v. *Mitchell,* 175 *Ga.* 613 (165 S. E. 628), headnote 3 reads: "It was not error to exclude testimony that in a previous course of dealing the defendant in error had been accustomed to take security for loans advanced, subject and inferior to deeds by which the plaintiff in error was secured in the collection of purchase-money for lots sold by it, and that it was misled to its injury by not having been informed that the defendant in error had adopted a different course; and to exclude certain deeds offered in connection with that testimony." See also *West Lumber Co.* v. *McPherson,* 173 *Ga.* 53 (2) (159 S. E. 868).

In grounds 6 to 14 inclusive and 19 to 24 inclusive complaint is made of the admission of certain oral and documentary evidence relating to similar transactions of movant with other persons who were not named in the indictments on which movant was being tried. The evidence was objected to on the grounds that such transactions "are irrelevant and immaterial and bear no relation to the issue on trial, and can not be the basis of a conviction and do not constitute a crime." The record discloses that the evidence was admitted solely for the purpose of showing the motive and intent of movant in its transactions with the persons named in the indictments, and the jury were so instructed by the court. The admission of the evidence was not error for any reason assigned. Ground 15 reads as follows: "Because the following material evidence was illegally admitted over the objection of movant, to wit: The State's witness E. E. Flournoy testified: 'This seven or eight dollars was for, that I overpaid the $25. I don't know unless it was interest.' Movant objected to the admission of said evidence at the time the same was offered, and did then and there urge the following objection: 'We object to the witness speculating and move to exclude it,' which objection the court overruled and admitted the evidence." Under repeated rulings of the Supreme Court and of this court, a special

ground of a motion for new trial must be complete and understandable within itself, and when the appellate court, in order to understand the ground and the alleged error complained of therein, is required to refer to the brief of the evidence or to some other portion of the record, the ground is too defective to raise any question for the court's consideration. It is impossible for this court to intelligently decide from the ground alone whether or not the admission of the fragmentary piece of evidence set forth therein was harmful error; and the burden was on the movant to show such error. The ground shows no cause for a new trial.

Ground 16 complains of the admission of the following testimony of E. E. Flournoy, a witness for the State: "I did not owe them any money besides the $25." This ground is subject to the ruling applied to special ground 15 and shows no reason for another trial. Special grounds 17 and 18 complain of the admission of certain testimony of witnesses, but the names of the witnesses are not stated in the grounds. "A ground of a motion for a new trial which complains of the admission, the failure to rule out, or the exclusion of testimony of a witness can not be considered where the name of the witness is not given in the ground." *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 714, rule 10 (145 S. E. 486), and cit. Special grounds 25 to 33, inclusive, assign error on various excerpts from the court's charge. None of these excerpts, when considered in the light of the entire charge and the facts of the cases, shows cause for a reversal of the judgment. Special ground 34 complains of the failure of the court to instruct the jury, without a request therefor, upon the law of circumstantial evidence. It is well settled by numerous and repeated decisions of the Supreme Court and of this court that the failure of the court to charge the law of circumstantial evidence, in the absence of a timely and appropriate written request therefor, is not error in a case where there was both circumstantial and direct evidence. *Harris* v. *State,* 184 *Ga.* 382, 392 (191 S. E. 439), and cit.; *Blocker* v. *State,* 185 *Ga.* 322 (195 S. E. 207); *Brown* v. *State,* 178 *Ga.* 772 (174 S. E. 536); *Harris* v. *State,* 152 *Ga.* 193 (5) (108 S. E. 777). In the instant cases the conviction of the defendant did not depend wholly upon circumstantial evidence, and the failure of the court to charge the law of circumstantial evidence was not error, in the absence of a request for such a charge.

The denial of a new trial in each of these cases was not error for any reason assigned.

*Judgments affirmed. MacIntyre and Gardner, JJ., concur.*