GARNER *v.* SISSON PROPERTIES INCORPORATED.

No. 14906.   SEPTEMBER 6, 1944

204

*Fraser & Irwin,* for plaintiff.

*George B. Rush,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) "Written evidence is considered of higher proof than oral; and in all cases where the parties have reduced their contract, agreement, or stipulation to writing, and assented thereto, it is the best evidence of the same." Code, § 38-205; *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45 (4) (113 S. E. 398); *Burgess* v. *Calhoun National*

*Bank,* 154 *Ga.* 193 (113 S. E. 800). Under the written contract, the petitioner, while owing a purchase-money balance of $3000, signed 120 notes payable "on or before" maturity, with one note due every month over a period of ten years, each note representing $25 principal and $6.25 interest, making a total of $3750, of which $750 was interest. The question for decision is, when monthly purchase-money notes aggregating principal and interest are payable "on or before" maturity over a period of ten years, can the maker in about three years pay a sufficient number of the notes to cover the original purchase-price and tender the accrued interest, and thereby be relieved from paying the remaining notes representing unearned interest? Or would the payee, after receiving the full amount of such principal together with tender of the accrued interest, have a right to require the maker to pay the remaining notes, representing unearned interest for the full period of ten years? If the maker had given 120 notes for $25 each, so as to total $3000, payable "on or before" maturity, with interest at 5 per cent. per annum, the maker would necessarily have had a right to pay the principal plus accrued interest at any time before maturity and thereby be relieved from paying unearned interest. 29 Words & Phrases (Perm. ed.) 462; 8 C. J. 400, § 590; 10 C. J. S. 740, § 246 (c); 8 Am. Jur. 25, § 277; *Crocker* v. *Green,* 54 *Ga.* 494; *James* v. *Benjamin,* 72 *Ga.* 185 (2). Therefore the further question arises as to whether the fact that the principal and interest were figured into the notes would change the general rule in regard to purchase-money notes payable "on or before" maturity.

The Code, § 57-116, as amended by the act of 1937 (Ga. L. 1937, p. 463), declares: "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly installments, may charge interest thereon at six per cent. per annum. or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly, or yearly installments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious." This section, being in derogation of § 57-101, should

be strictly construed. *National Bondholders Corporation* v. *Kelly,* 185 *Ga.* 788 (196 S. E. 411). This court in construing § 57-116 has also held that if a borrower is in default and the lender seeks to foreclose before all the notes are due, he can not recover more than the principal and legal interest. *South Georgia Mercantile Co.* v. *Lance,* 143 *Ga.* 530 (4 b) (85 S. E. 749). It might be argued that to apply the same rule where the borrower exercises his right to pay before maturity would change the contract, but the answer is that each note provided for payment "on or before" maturity, and therefore such acceleration is not contrary to, but is in accord with the written contract. Furthermore, in the case of "purchase-money notes" there is no statute in this State authorizing a person to aggregate the principal and interest and divide the total sum into installments.

This leads to the inquiry as to whether there is any difference between "lending money" as provided in the statute, and money due on purchase-money notes. In the case of a loan, the lender might not be willing to part with his money except for the full period of time for which the notes were to run, whereas in the case of purchase-money notes, the grantor does not part with any money. In the instant case the grantor executed a warranty deed, but he simultaneously took back a security deed thereby retaining title to the property. While the transaction resulted in a debt, it was in no sense "lending money," as authorized by the statute. Under a strict construction of the Code, § 57-116, the language which authorizes aggregating the principal and interest in the case of loans will not be enlarged or extended so as to include money due on purchase-money notes. Accordingly, where the principal and interest are figured into purchase-money notes and divided into installments, such procedure, not being authorized by statute, will not change the general rule that where notes are payable "on or before" maturity the maker has the right to pay the principal plus the accrued interest, and thereby avoid the payment of unearned interest. This is especially true in the instant case because under the allegations of the petition there would be a failure of consideration as to all unaccrued or unearned interest. While section 57-116 was discussed in the briefs of counsel and has in like manner been referred to in the foregoing opinion, no ruling is here intended as to whether this section would be appli-

cable even in a case involving an outright loan where the parties insert in the contract the words "on or before." That question is left open.

Since the trial court dismissed the action on the general ground of demurrer, no ruling is made on the special grounds complaining that the petition failed to show a tender of the full amount of interest. The petition set out a cause of action, and the trial court erred in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur.*

Jenkins, P. J., and Duckworth, J., concur in the judgment only.