PEOPLE v. COLEMAN.

1. MONEY LENT—SELECTION OF BORROWERS.
   A person who loans his money has the right to restrict the granting of loans to those who had been or then were customers.

2. SAME—SALE OF PRODUCT—CONSIDERATION—SMALL LOAN ACT.
   The sale of a product to those who had no desire for it as a condition to receiving a loan, designed to secure to the lender a higher consideration for the loan than permitted by law to one not licensed under the small loan act, clearly constituted a sham to evade the law (CL 1948, §§ 438.51, 493.1 et seq.).

3. LICENSES—SMALL LOANS—FRAUD—POLICE POWER.
   The statute regulating the small loan business is designed to prevent fraud and undue oppression of necessitous borrowers and was enacted in the exercise of the police powers of the State (CL 1948, § 493.1 et seq.).

4. CRIMINAL LAW—INTENT—VIOLATION OF SMALL LOAN ACT—USURY.
   The intent of one, not licensed under the small loan act, to engage in a usurious transaction is not an element of the offense of violating that act, all that is necessary being that an un-

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contracts § 149.
[2–5] 40 Am Jur, Pawnbrokers and Money Lenders § 8 et seq.
[2–5] Construction and effect of provisions of Small Loan Acts regarding fees, charges, et cetera, in addition to interest. 143 ALR 1323.
[3] Constitutionality of statute regulating business of making small loans. 69 ALR 581; 125 ALR 743; 149 ALR 1424.

licensed person engage in the small loan business and charge interest on the loans in excess of 7% (CL 1948, §§ 438.51, 493.1 *et seq.*).

5. SAME—INTENT OF BORROWER—LICENSES—USURY.
   The intent of the borrower of money to engage in a usurious transaction is not essential to a conviction of an unlicensed person under the small loan act, where the latter made small loans and charged more than 7% interest thereon (CL 1948, §§ 438.51, 493.1 *et seq.*).

Appeal from Muskegon; Verdier (Leonard D.), J., presiding. Submitted April 16, 1953. (Docket No. 65, Calendar No. 45,298.) Decided June 22, 1953.

William I. Coleman was convicted of making loans at rate of interest greater than 7%, he not being licensed to make small loans. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Robert A. Cavanaugh,* Prosecuting Attorney, for the people.

*Reber & Reber* and *Fred J. Loyda,* for appellant.

DETHMERS, C. J. Defendant appeals from conviction on an information charging that he engaged, without being licensed so to do under the provisions of PA 1939, No 21, as amended (CL 1948, § 493.1 *et seq.* [Stat Ann 1943 Rev and Stat Ann 1951 Cum Supp § 23.667(1) *et seq.*]), in the small loan business and charged on the loans a greater rate of interest or consideration therefor than permitted by law to be charged by nonlicensees (7% per annum, as fixed by CL 1948, § 438.51 [Stat Ann § 19.11]).

During the period in question defendant made numerous loans of $10, $15, and other small sums less than $500, on condition that the borrower purchase certain merchandise from him, particularly a bottle containing 90 vitamin capsules, for $10 plus

30 cents sales tax.  The borrower was required by defendant to give him a promissory note in a principal sum representing the full amount of the loan plus $10.30, being the purchase price of the vitamins, and that total sum was made due at a fixed date with interest thereon at the rate of 7% per annum. Proofs established that the defendant had sold such vitamins to nonborrowers at that same price, but that they cost him 90 cents per bottle and, further, that the retail price suggested therefor by manufacturers was $2.50.  At least 1 of the borrowers did not bother to take the capsules with him and, manifestly, the purchases were not desired by the necessitous borrowers, but were required of them by defendant as a condition to his granting them the loan.

Defendant says, first, that the above facts fail to establish that he charged interest on the loans in excess of 7% per annum; that he had a right to make loans to customers only. Doubtless he had the right to restrict the granting of loans to those who had been or then were his customers.  To view his operations as amounting to nothing more than that is to deny the facts their full import.  Loans were not conditioned merely on the borrower being a customer, but on his making a specified purchase in connection with the loan transaction.  The sale of vitamins to those who had no desire for them as a condition to receiving a loan was clearly a device designed to accomplish precisely one object; namely, the securing by defendant of a higher consideration for the loan than permitted by law to a nonlicensee. It was clearly a sham to evade the law.

Next, defendant says that essential to conviction is proof (1) that defendant intended usury and (2) that the borrower knew of the disparity between the value of the vitamins and the price he was charged therefor and, hence, that he shared with defendant

a common unlawful intent to engage in a usurious transaction. The statute does not make such intent an element of the offense. Actually and knowingly engaging in the small loan business without a license and charging interest on the loans in excess of 7% per annum, in contravention of the statute, constitutes the offense. The statute, designed to regulate the small loan business in order to prevent fraud and undue oppression of necessitous borrowers, was enacted in the exercise of the police powers of the State and did not need to embody said element of intent in providing that its violation should constitute a criminal offense. *People* v. *Cramer,* 247 Mich 127; *People* v. *Ruthenberg,* 229 Mich 315; *People* v. *Sybisloo,* 216 Mich 1 (19 ALR 133).; *People* v. *Snowberger,* 113 Mich 86 (67 Am St Rep 449). Accordingly, we need indulge no consideration of what has been held to constitute usury or the intent essential thereto in civil cases. Were the rule otherwise, the unlawful intent on the part of defendant abundantly appears from the facts at bar (See *Sultan* v. *Central Life Insurance Co. of Illinois,* 302 Mich 425) and it need not have been shared by the borrower (See *Domboorajian* v. *Woodruff,* 239 Mich 1; *Sickles* v. *Schaen,* 202 Mich 327 [LRA1918F, 381]; *Vandervelde* v. *Wilson,* 176 Mich 185; *Green* v. *Grant,* 134 Mich 462).

Affirmed.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.