## BAILEY *et al.* v. WILLIAMS.

1. Upon the trial of this case the judge submitted certain questions for determination by the jury, which were sufficient to elicit all the facts essential to a full and final decree on the whole merits of the controversy. If counsel for plaintiffs had desired other and further questions to be propounded, they should have suggested them to the court.
2. If the jury failed to answer certain of the questions or to return intelligible answers thereto, and counsel was dissatisfied with the answers returned, he should have moved the court that the jury be required to return to their room to further consider the questions and make answers thereto.
3. No material error is shown in the instructions of the court to the jury upon the issues submitted; and it was unnecessary for the court to give instructions upon other features of the case that were outside the range of the questions submitted.

No. 3493. JUNE 12, 1923.

Equitable petition. Before Judge Meldrim. Chatham superior court. August 22, 1922.

*Don H. Clark,* for plaintiffs.

*N. J. Norman* and *I. C. Farthing,* for defendant.

BECK, P. J. Pauline and Charles A. Bailey filed their petition in equity, alleging that they did, on September 9. 1920. borrow

from the defendant the sum of $300, securing the payment thereof by a mortgage on certain personalty; that they did, on October 10, 1921, effect another loan with defendant, on which they received $180 in cash, less one dollar paid as a fee for the recording of the mortgage which was given as security; that the defendant charged, exacted, and received an amount of interest greater than that permitted by law, viz., 3-1/2 per cent. per month, naming specifically payments made on October 13, 1920, and November 15, 1920, as embodying overcharges. Complainants further alleged that the defendant had threatened to foreclose the mortgage; and they prayed that he be enjoined from proceeding to foreclose, that the loan contract be decreed to be null and void, and that the mortgage be canceled. The defendant answered, admitting the execution of the loans, and that the interest payments of $11.90 and $10.65 were received; and averring that the second loan referred to was made for the sum of $300 also, $120 of which was applied in extinguishment of the pre-existing loan; but he denied that he had contracted for or received an excessive and illegal amount of interest, as well as other allegations of plaintiffs' petition; and in his amended answer he alleged that the complainants were due him $280 principal and $61.06 interest, a total of $341.06, on their loan, and prayed judgment for said amount.

The verdict of the jury, in answer to special questions propounded by the court, having been a finding in favor of the defendant, and a decree having been entered accordingly, the plaintiffs moved for a new trial, urging various grounds therefor, each of which was overruled; to which ruling plaintiffs excepted.

The defendant in this case, Williams, had obtained a license under the provisions of an act entitled an act to license and regulate the business of making loans in sums of $300 or less, approved August 17, 1920 (Acts 1920, p. 215). That act contains the provision that every person licensed thereunder may loan any sum of money not exceeding in amount the sum of $300, and may charge, contract for, and receive thereon interest at a rate not to exceed 3-1/2 per centum, per month; and contains the further provision that if interest or charges in excess of those permitted by the act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. In

the petition in this case it is charged that the defendant charged and collected an amount for interest in excess of that allowed under the statute, and that consequently the mortgage given to secure the loan was null and void and should be canceled.  The answer of the defendant put in issue the material allegations in the petition, and all issues thus made were submitted by the court to the jury, who rendered a special verdict in answer to the questions propounded by the court.  The questions submitted were seven in number, and required of the jury a finding as to the amount of the loan, the rate of interest exacted upon that loan, whether the interest was payable monthly, and whether the interest calculated in accordance with the charge of the court amounted to an overcharge.  To each of the questions the jury returned an answer, and in substance the answer amounted to a finding that there was no usury exacted or charged, and that the defendant was entitled under his cross-petition to receive a stated amount which is still due upon the loan.

In their motion for a new trial the plaintiffs complained that the questions submitted to the jury were not sufficiently specific, and that certain of the questions were not intelligibly answered. It seems to us that the questions were sufficient to elicit answers elucidating the issues involved.  If plaintiffs had desired other and additional questions, they should have suggested them to the court; and if the jury neglected to return an answer to one or more of the questions, or returned an answer that was meaningless and unintelligible, counsel should have made a motion requiring the jury to answer the questions which they had failed to answer. "It is provided by the Civil Code, § 4849, that 'In the trial of any proceedings for equitable relief in this State, upon the request of either party to said cause, made after the same is called for trial, and before the beginning of the introduction of evidence in the same, the presiding judge shall, when charging the jury, instruct and require them to find a special verdict of the facts only in said cause, and shall inform the jury what issues of fact are made by the pleadings in said cause.'  The plaintiffs were entitled to have the jury specifically answer the questions submitted to them by the court, and upon their failure so to do it would have been proper for the court to require the jury to retire that they might comply with the statute, or, if they were unable to answer

the questions, a mistrial should have been declared. But when the jury returned a general verdict, and it was published in open court in the presence of the plaintiffs' counsel, it was their duty, if they desired to insist upon the return of special findings, to move the court to send the jury back to their room, that they might answer the questions submitted." *Livingston* v. *Taylor*, 132 *Ga.* 1 (63 S. E. 694). But, as said above, it seems to us, considering all the questions and answers returned, that the issues were covered. The answers to the questions relating to the interest and excess charges having been made by the jury under instructions from the court which were pertinent and legal, the verdict of the jury will not be set aside. There were numerous calculations required to find the exact amount of interest. In some instances it may be that a few cents more than the exact amount due was charged. In one instance it appears that a few cents less than the amount due was charged. Mistakes of this character, unless purposely made in order to exact and charge more than the law allowed for interest, would not make the contract void. We have not made the calculation of interest on all of the partial payments. In one instance it is contended in the brief of counsel for plaintiffs that there was an excess charge of one cent, in another instance thirty-two cents, in another fifty-eight cents, and in another thirty-seven cents. The jury, who had the proper instructions as to the calculation of the interest due, found that there were no overcharges and that there was no usury. The judge trying the case approved the verdict and refused a new trial, and we do not think it should be disturbed here.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*