194

## 26859. HARTSFIELD COMPANY *v*. FULWILER.

DECIDED OCTOBER 31, 1938. REHEARING DENIED DECEMBER 14, 1938.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.

MacINTYRE, J. Hartsfield Company sued J. R. Fulwiler under the "small-loan act" on a contract executed before the act of 1935 (Ga. L. 1935, p. 394), to amend Code, § 25-313, and restrict the rate of interest on small loans of $300 or less, from 3½ per. cent. per month to 1½ per cent. per month. The court below found for the defendant on the ground that the plaintiff received interest under the contract in an amount which was more than 3½ per cent. per month, and the contract thereby became null and void. To this ruling the plaintiff excepted.

The note sued on was given October 18, 1934, for a debt of $300 under the provisions of what is known as the "small-loan act." The note provided: "For value received, I promise to pay to the order of Hartsfield Company three hundred dollars in equal instalments of $15.65 on the 25th day of each month following date of this note, until the full amount of this note shall have been paid, with interest from date of actual consummation of loan at the rate of 3½ per cent. per month; said interest to be payable monthly on unpaid balance of principal. If all of the instalments of principal and interest are paid on or before date due, and if the receipt card is presented with each and every payment of principal or interest, or part thereof, no interest in excess of $75 will be charged." Code, § 25-313, provides in part as follows: "Every per-

son, partnership and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of $300 and may charge, contract for and receive thereon interest at a rate not to exceed three and one half per centum per month. Interest . . shall be computed on unpaid balances. . . If interest or charges in excess of those permitted by this Chapter shall be charged, contracted for or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever." The defendant made payments each month of $15.65, and on seven of the ten months defendant made additional payments as extra interest for delinquency. The $15.65, as shown by the books of the plaintiff, was divided up each month, and $7.50 was credited as interest and $8.15 was credited as principal for a period of ten months which would have paid up the entire interest under the contract if there had been no delinquency. Over this ten-month period, the interest collected for each of six months was less than 3½ per cent. as provided in Code, § 25-313, and the interest collected for each of the other four months was in excess of 3½ per cent. per month. The sum total of the interest collected over this ten-month period was not in excess of what would have been the sum total of the legal rate of interest of 3½ per cent. per month for ten months.

Can the plaintiff, under the "small-loan act," spread his interest rate over a period of ten months and arbitrarily divide his interest up for each separate month of the ten months to suit himself, even though in some of these months he charges more than 3½ per cent. per month, so long as at the expiration of the ten-month period he had not charged as interest for the entire ten months a sum total in excess of 3½ per cent. per month? We think not. This would be allowing the plaintiff to arbitrarily treat the ten-month period as the unit of time for the computation of interest, whereas the statute says that the unit of time for the computation of interest is a month, not ten months, not a year, not five years, not any other time, but a month. Code, § 25-313, makes the unit of time for the computation of interest 3½ per cent. per month. No other unit of time for the computation of interest is mentioned in said section. We think one of the objects of this section is that the contract must be so drawn that under its provisions a debtor may pay at the end of each month, and may thus be able to refix his status as to the

amount of interest, as well as to the amount of principal due at the end of each month, and not be required to wait until the end of the ten months, or year, and have a large amount of interest to swoop down upon him all at once, and even though the contract is so drawn the creditor must not "receive" more than 3½ per cent. per month. Whatever contract the parties may make under the "small-loan act" they must not violate the command of Code, § 25-313, with reference to interest charged or "received," and if they charge or "receive" interest in excess of 3½ per cent. per month, the person so charging or "receiving" does so at his peril. If the plaintiff is allowed to charge or "receive" more than 3½ per cent. per month in some months, and less than 3½ per cent. per month in other months, this has a tendency to confuse the debtor, and many of the people who avail themselves of the "small-loan act" will be unable to untangle this complicated web. Whereas, if the debtor would follow the command of the section and simply do as it says, that is, use the month as the unit of time for the computation of interest, and be careful and not charge or "receive" over 3½ per cent. per month, the borrower could easily keep up with the amount of and the time when his interest was due and payable.

The cases of *Bailey* v. *Williams*, 155 *Ga.* 806, 809 (118 S. E. 354) and *Broce* v. *Master Loan and Service Inc.*, 171 *Ga.* 22 (154 S. E. 324), are distinguishable from the instant case in that the question here is not whether, in computing interest, the calendar month should be used, or whether it is permissible to compute the interest on the basis of thirty days as comprising a month, but the question here is whether or not a month is the unit of time which should be used in computing interest, and, if so, would an overcharge of interest for one month void the said contract, irrespectively of whether the sum total of interest collected for a period of many months may not, at the expiration of this longer period, average more than 3½ per cent. per month? We think the judge, sitting without the intervention of a jury, was authorized to find that the plaintiff made a loan of $300 to the defendant under the "small-loan act," that it collected and "received" the following amounts in excess of 3½ per cent. per month: for one month $0.12 in excess, for another month $0.62 in excess, for another $0.73 in excess, and for another $1.89 in excess; and that plaintiff intended to and did purposely collect and "receive" more than 3½ per cent. per

month as interest and that the contract was null and void. The fact that the sum total of interest collected for a period of ten months, including the said four months, did not amount to more than 3½ per cent. per month if figured over a period of ten months would not preclude such a finding. The defendant could void the contract at the expiration of the first or any month if the plaintiff had charged or "received" more than 3½ per cent. for that month. The plaintiff must not intentionally charge or "receive" more than 3½ per cent. per month under the "small-loan act" as provided in Code, § 25-313, and if it does so "the contract of loan shall be null and void."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*