GRAHAM *v.* LYNCH; *et vice versa.*

Nos. 16881, 16882.  JANUARY 9, 1950.

*Aaron Kravitch* and *Casper Wiseman,* for plaintiff in error.

*John M. Brennan,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing

facts.) ■ The Code section here in question, as amended by Ga. L. 1937, p. 463 (Code, Ann. Supp., § 57-116), is as follows: "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly instalments, may charge interest thereon at six percent per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly or yearly instalments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious."

Under Code § 57-101, it is provided: "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing, but in no event shall any person, company, or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever."

The provisions of Code § 57-116, being in derogation of § 57-101, should be strictly construed. It applies only to "lending money," and the provisions for the computation of interest are not applicable where realty is purchased, the purchaser is given a warranty deed and simultaneously executes notes and a security deed to the seller. *National Bondholders Corp.* v *Kelly,* 185 *Ga.* 788 (196 S. E. 411) ; *Garner* v. *Sisson Properties,* 198 *Ga.* 203 (31 S. E. 2d, 400).

Code § 57-102 provides: "Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." Under § 57-112, any person violating the provisions of § 57-101, by charging more than the maximum rate of interest, forfeits the entire interest. Where land is sold at a cash price, but on deferred payments with a greater rate of interest than allowed by law, the contract is usurious. *Irvin* v. *Mathews,* 75 *Ga.* 739 (2) ; *Bird* v. *Benton & Brother,* 127 *Ga.* 371, 373 (4)

(56 S. E. 450); *E. Tris Napier Co.* v. *Trawick,* 164 *Ga.* 781 (139 S. E. 552).

Accordingly, it was not error for the trial judge to hold that all interest charged was forfeited, that the payments made should be credited on the principal, and that Lynch was only obligated to Graham for the unpaid balance of the principal.

■ Whether, under Code § 20-1404, making provision for the expense of litigation, attorney's fees could be properly awarded in the instant case (see *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381, 45 S.. E. 426), need not be determined. Assuming that attorney's fees were allowable, the court found: "The court does not think the case has been made on the facts showing the defendant was stubbornly litigious."

*Judgment affirmed on both the main bill and cross-bill of exceptions. All the Justices concur.*