42276, 42312.   MURRAY v. RELIANCE MORTGAGE
&amp; REALTY COMPANY et al.; and vice versa.
42277, 42313.   MURRAY v. RELIANCE MORTGAGE
&amp; REALTY COMPANY et al.; and vice versa.
42278, 42314.   MURRAY v. RELIANCE MORTGAGE
&amp; REALTY COMPANY et al.; and vice versa.

HALL, Judge.   In each of three cases raising the same issue the plaintiff appeals from a judgment sustaining the defendant's general demurrer to his petition.   In each case the plaintiff sought a personal judgment against Reliance Mortgage &amp; Realty Company for an indebtedness for lumber and building materials.

The petition alleged that the co-defendant, McCullough, obligated himself to pay for materials and lumber delivered by the plaintiff to McCullough and used in the construction of a house built on a lot sold by one Gentry to McCullough; and that the sale from Gentry to McCullough was arranged by Reliance's president who knew that McCullough was to construct the house and was going to buy the materials used in the construction from the plaintiff or some other furnisher. It alleged that Reliance was liable for the debt because of the foregoing facts, because it expressly consented to the making of the improvements, because after McCullough had executed a security deed to the property to Reliance, it advanced money to McCullough from time to time as the building progressed, and because it had notice of the plaintiff's claim of lien before it advanced the money to McCullough. An amendment to the petition alleged that the defendant Reliance, by the following transactions, bought the lot from Gentry and caused the deed to be taken in the name of McCullough and built on it the house for which the plaintiff furnished materials.   Reliance's president, using Gentry as its agent, caused Gentry to sell the lot to McCullough and instruct him to begin to build a house on it, and then arranged for Gentry to execute a warranty deed to McCullough. Thereafter Reliance's president arranged for McCullough to execute a note and security deed to Reliance after which Reliance paid for the lot and advanced money to McCullough to pay for labor on the house, and finally foreclosed the security deed against McCullough as it had planned in advance to do.

The plaintiff contends in his brief that it could be found from the facts that McCullough in purchasing the materials from the plaintiff acted as the agent of Reliance so as to make Reliance liable for the debt. The allegations of the petition as a whole are insufficient to show that McCullough was the agent of Reliance in purchasing the materials. *Morgan v. May Realty Co.*, 86 Ga. App. 261, 264 (71 SE2d 438); cf. *Longino v. Garner*, 102 Ga. App. 680 (117 SE2d 259).

The case of *Bryant v. Ellenburg*, 106 Ga. App. 510 (127 SE2d 468) upon which the plaintiff relies, recognizes certain facts which would cause the grantee of a deed to lose his priority over a materialman's lien. If we assumed that any of these facts were sufficiently alleged, that case would not be controlling of this action which, as against the defendant Reliance, was for a general judgment.

The trial court did not err in sustaining the general demurrers of the defendant Reliance in Cases Nos. 42276, 42277, and 42278. It is unnecessary to decide the cross appeals, Cases Nos. 42312, 42313, and 42314.

*Judgments on appeals affirmed. Nichols, P. J., and Deen, J., concur.*

Argued September 13, 1966—Decided October 31, 1966.

*Frank M. Gleason*, for appellant.

*A. W. Cain, Jr.*, Luther Frank McCullough, *pro se*, for appellees.