## 29823. NASH v. MID-STATE HOMES, INC.

UNDERCOFLER, Presiding Justice.

Dotson Nash, Sr., filed a complaint seeking to enjoin the foreclosure of his property by Mid-State Homes, Inc., cancellation of the note and security deed, and damages. He alleged the note is usurious and the principal amount of the indebtedness has been paid. Nash also disputed a claim by Mid-State for taxes and insurance premiums on said property which it alleged to have paid for Nash. Dotson Nash, Sr., died while the litigation was pending and Napoleon Nash, the administrator of his estate, was made a party to the cause. The trial court granted Mid-State a summary judgment and this appeal followed. *Held:*

The parties agree that Mid-State in 1966 sold to Nash certain realty and took back a note and security deed thereon. Therefore Code § 57-116 permitting an interest rate of six percent for the entire period of the loan is not applicable. As stated in *Graham v. Lynch,* 206 Ga. 301, 303 (57 SE2d 86), "The provisions of Code § 57-116, being in derogation of § 57-101, should be strictly construed. It applies only to 'lending money,' and the provisions for the computation of interest are not applicable where realty is purchased, the purchaser is given a warranty deed and simultaneously executes notes and a security deed to the seller."

The question here is whether the interest limitations prescribed by Code § 57-101 have been exceeded. This depends upon whether the note and security deed represent an unpaid balance of the sale price with interest added or they represent the unpaid balance of the sale price. See *E Tris Napier Co. v. Trawick,* 164 Ga. 781, 782 (139 SE 552). Nash on affidavit avers that the sale price of the property was $2,540 and the note and security deed in the amount of $3,897.66 represent the sale price plus usurious interest. Mid-State on affidavit avers that the sale price was $3,897.66 and the note and security deed represent that amount. Consequently, there is an issue of fact as to the agreed sale price which must be determined in order to ascertain whether usurious interest has been charged. If it is found that usurious interest has been

charged, then it must be determined whether 'such payments are sufficient to satisfy the indebtedness. Likewise there is an issue of fact as to whether Nash owes Mid-State certain sums for the payments of taxes and insurance premiums on said property. Accordingly, the grant of summary judgment to Mid-State was error.

Parol evidence is admissible "to show that a paper is but a cover for usury." *Lytle v. Scottish American Mtg. Co.,* 122 Ga. 458, 466 (50 SE 402); *Manget Realty Co. v. Carolina Realty Co.,* 169 Ga. 495, 508 (150 SE 828).

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 8, 1975 — DECIDED APRIL 29, 1975.

*Guy B. Scott, Jr.,* for appellant.
*Edwin F. Hunt,* for appellee.