## 30832. SULLENS v. SULLENS.

HALL, Justice.

The appellant sued the appellee for cancellation of a deed alleging that he had signed an instrument that he thought was a will but that the instrument was a deed which conveyed the property of the appellant to the

appellee. A jury trial was held and this appeal is from an adverse verdict and judgment. The appellant's attorney on appeal did not participate in the trial of the case. Two enumerations of error relate to the failure of the trial court to charge two specific `Code sections. The third enumeration relates to an alleged error in the charge.

After the conclusion of the trial court's charge to the jury, the appellant's trial attorney was asked if there were any objections to the charge. He replied, "No, Sir." A party in a civil case cannot complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207 (a). The exception to the rule found in Code Ann. § 70-207 (c) (harmful as a matter of law) is inapplicable "unless it appears that the error contended is 'blatantly apparent and prejudicial' (*Hollywood Baptist Church v. State Highway Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271) (1966), and that a 'gross miscarriage of justice attributable to it is about to result.' *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6b) (149 SE2d 383) (1966)." *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656) (1967). The appellant's enumerations do not meet the above test.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED APRIL 7, 1976.

*Robinson, Harben, Armstrong & Millikan, Troy R. Millikan,* for appellant.
*Oliver & Walters, James M. Walters,* for appellee.