## 52050. ARMSTRONG v. LAWYERS TITLE INSURANCE CORPORATION.

EVANS, Judge.

This is a case in which the lower court granted a summary judgment for defendant and the plaintiff appeals.

Raymond Armstrong, plaintiff, purchased certain real estate under the impression he purchased the entire fee. But the warranty deed conveyed only a one-half undivided interest. Plaintiff had very little education and could barely read and write. Thereafter he applied for title insurance with Lawyers Title Insurance Corporation, and, after a title examination by the insurer, it issued a policy of insurance insuring the entire fee as being Armstrong's. Thereafter Armstrong, as the insured, upon trying to sell the property, learned that he had only received a one-half undivided interest and could not convey fee simple title.

Plaintiff then sued Lawyers Title Insurance Corporation seeking a money judgment against the insurer for the value of the entire fee.

The insurer answered, denying the indebtedness, asserting lack of coverage by reason of an exclusion and other defenses, including estoppel, mutual mistake, misrepresentation, and unclean hands, and seeking reformation of the insurance contract by way of counterclaim, contending it did not have an adequate remedy at law.

1. By reason of the equitable defenses, this court by administrative order, transferred this case to the Supreme Court for review. But the Supreme Court held that there had been no ruling in the lower court on the equitable features of the case, which means that we can not consider defendant's contention that plaintiff came into court with unclean hands, or that there was a mutual mistake or that there should be a reformation of the instrument. We are bound by the Supreme Court's ruling

— now the law of the case — that such issues were not passed upon by the lower court. We therefore must dispose of the case as if these issues had never been raised.

2. The policy of insurance shows it insured the entire fee. The request for admission of facts shows that defendant relied upon affidavits submitted to it by the plaintiff in the issuance of the policy, which affidavits aver that the plaintiff contended that he owned the entire fee. But defendant had the opportunity of fully examining the title before it issued the policy and no fraud is shown to have been practiced on it by plaintiff that it could not have discovered by exercise of even slight diligence. Thus, the defendant is in position of issuing the policy covering the entire fee when it well knew or could have known all the facts as to plaintiff's title.

3. Under the circumstances, questions of fact remain as to whether the defendant insured the entire fee or only a one-half undivided interest therein. This will involve the scienter of each party in entering into the contract, the diligence used by defendant to discover the exact title owned by plaintiff in the property, whether plaintiff committed any act which authorized defendant to fail to investigate on its own behalf the exact title, and similar questions. The intention of the parties is one of the big issues in any case of contract, and that is one of the issues here, and should be resolved, with the above questions, not by the judge but by a jury. See *Tarbutton v. Duggan*, 45 Ga. App. 31 (7) (163 SE 298); *Pinkerton & Laws v. Atlantis Realty Co.*, 128 Ga. App. 662, 666 (3) (197 SE2d 749). And this being summary judgment, of course the controlling law which this court follows in not allowing same to stand is that all doubts, inferences, ambiguities, etc., must be resolved in favor of the party opposing the grant of summary judgment, which in this case is the plaintiff. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *State Farm Mut. Auto. Ins. Co. v. Wendler*, 117 Ga. App. 227 (160 SE2d 256); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408).

Let it be remembered that so far as the record discloses, plaintiff purchased the policy and paid the premium for insurance on the entire fee, whereas now the insurer wishes to reduce its coverage to one-half of what it

charged premiums for insuring.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur in the judgment only.*

ARGUED APRIL 8, 1976 — DECIDED APRIL 27, 1976 — REHEARING DENIED MAY 21, 1976 — 

*John C. Grabbe, IV, John A. Swan, George H. Freisem, III,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Marion Smith, II, Bruce H. Beerman,* for appellee.