## 53903. CRIDER v. SCOMA.

QUILLIAN, Presiding Judge.

Plaintiff and defendant agreed to enter into a corporate business venture. After a short period of time their business relationship deteriorated to the point that they started discussions which eventually led to the sale of the plaintiff's interest in the business to the defendant. At the time of the sale, May 21, 1975, defendant gave plaintiff a promissory note in the amount of $22,500, payable July 31, 1975. After that date defendant refused to pay and plaintiff brought this action. The jury gave a verdict for plaintiff and defendant brings this appeal. *Held:*

1. Defendant's answer alleged that there was a total failure of consideration, and the note was founded upon a mistake of fact, as defendant was induced to sign the note as a result of "fraud, deceit, trick, and contrivance" of the plaintiff. Defendant testified that he agreed to the purchase price based upon documents submitted to him by plaintiff showing "accounts payable" as of the end of February, 1975. Defendant admitted that he possessed the business records — delivered to him after he received the two documents purporting to show "accounts payable" in February, but before he signed the contract to purchase plaintiff's interest in the business and the promissory note for the purchase price in May, 1975.

Plaintiff's testimony and defendant's testimony

differed as to when, and which documents were delivered, and what the documents purported to represent. The jury is the final arbiter as to credibility. The jury found for the plaintiff. After verdict the evidence is construed in the light most favorable to the prevailing party, and every presumption and inference is in favor of the verdict. *Mathis-Akins Concrete &c. Co. v. Tucker,* 127 Ga. App. 699, 700 (194 SE2d 604). If there is any evidence to sustain the verdict of the jury, this court will not disturb it. *Worn v. Sea-Cold Services,* 135 Ga. App. 256 (2) (217 SE2d 425). There is sufficient evidence of record to support the verdict. The judgment of the trial court overruling the defendant's motion for a new trial — based on the general grounds, was not error. *Anthony v. Garrett,* 236 Ga. 485, 486 (7) (224 SE2d 347).

2. Defendant enumerates as error the failure of the court to give his requested charges 1, 2, 3, and 4. He also alleges that the court erred in instructing the jury that plaintiff was not guilty of any fraudulent acts and the jury should not consider the subject of fraud. The transcript reveals that defendant did not object to the charge regarding the subject of fraud of the plaintiff. Nor did he object to the refusal of the court to give his requested charges 1 and 2. There being no objection we will not consider this portion of the enumeration on appeal. Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

Although defendant objected to the court's failure to give his requested charges 3 and 4, those charges are not included in the record. A certificate of the clerk, dated April 18, 1977, shows they were not filed with his office. The subsequent filing of the missing requests to charge with the office of the clerk on April 21, 1977, was too late for inclusion. Therefore, they did not become a part of the official record and will not be considered on appeal. See *Jackson v. Jackson,* 235 Ga. 656 (221 SE2d 427). It is the duty of the appellant to show the existence of error. He has not met this burden. *Anderson v. Anderson,* 235 Ga. 115 (1) (218 SE2d 846); *Albea v. Jackson,* 236 Ga. 690, 691 (1) (225 SE2d 46). This enumeration is without merit.

3. Defendant contends that portion of the court's charge "which intimated that the [defendant] was

negligent with his dealings with the [plaintiff]" was error. We have carefully examined the referenced charge and find no intimation by the court for or against either party. The court expressly charged that he was not permitted "to express or intimate" to the jury what he thought the verdict should be. The charge complained of was a correct charge under Code § 20-308. *Walsh v. Campbell,* 130 Ga. App. 194, 197 (202 SE2d 657).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED MAY 26, 1977.

*James W. Garner,* for appellant.
*Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson,* for appellee.