54131. STEWART BROTHERS, INC. v. GENERAL
IMPROVEMENT CORPORATION et al.

BIRDSONG, Judge.

Appellant Stewart Brothers, Inc. ("Stewart"), the plaintiff below, brings its appeal from the grant of summary judgment to the appellee Cameron-Brown Company ("Cameron"), one of the two defendants below. The other defendant below, General Improvement Corporation ("General"), joined in the brief of Stewart for the purpose of limiting its own ultimate liability.

General purchased land with a view toward real estate development. It borrowed money from Cameron to finance its venture. As collateral for the loan, General gave a security deed to Cameron. General entered into a contract with Stewart as a subcontractor to furnish paving in the development. Stewart undertook and completed the paving in accordance with its contract with General and the paving was accepted by the Fulton County Engineering Department as meeting county specifications. Before the paving was started and thus before completion, Fulton County demanded evidence

that General had sufficient financing to complete the paving project. In an effort to avoid obtaining a maintenance bond for that purpose, General secured a letter from Cameron stating that sufficient funds had been allocated by Cameron to pay for the paving. This letter was addressed to the Fulton County Engineering Department and referred to the contract Cameron had with General. At no point does the letter specifically recognize the subcontractor, Stewart. Furthermore, the letter conditioned the funding upon General's continuing compliance with terms and conditions of the loan agreement, promissory note, and deed to secure debt existing between Cameron and General. After part of the paving had been completed, Cameron paid approximately half of the paving expense to General which in turn paid Stewart. After completion of the work, General sought the remainder of the funding for the paving. Cameron, taking the position that General was in default upon the interest payments, refused to pay the remaining funds for the paving. Stewart filed a lien upon the property. However, subsequently, General gave its own promissory note to Stewart as payment for the lien and with the consent of the latter two parties, the lien was marked as satisfied. Thereafter, the indebtedness between the lender, Cameron, and the developer, General, remaining in default, Cameron successfully instituted foreclosure proceedings on the property in accordance with the terms of the deed to secure debt and the promissory note executed in its behalf by General.

In an effort to preserve its position, Stewart brought suit against both General and Cameron seeking a temporary injunction to prevent the foreclosure, to seek the payment of the funds obligated to General on the theory that Stewart was an equitable beneficiary, a general monetary recovery against General, and a money recovery from Cameron upon the theory of unjust enrichment and quantum meruit. Cameron filed a motion for summary judgment arguing that there was no privity between it and Stewart. It is from the grant of that summary judgment that Stewart brings its appeal. General urges in its supporting brief that the grant of summary judgment as between Cameron and Stewart

was improper because Cameron did not seek a confirmation of the foreclosure sale and, therefore, Stewart has the right to attack the validity of the sale. *Held:*

1. We will dispose of the assertion by General at the outset. We note that Stewart filed its own motion for summary judgment against General which was denied. That denial is not involved in this appeal. The grant of summary judgment sub judice is between Cameron and Stewart and did not involve General. While Stewart has filed its appeal to that grant, it did not contest the validity of the foreclosure sale as between Cameron and General. Thus in effect we have a party (General) who has not filed a notice of appeal to a judgment in which it was not involved as a party, except vicariously, arguing a point of law which has not been raised as an enumeration of error by the appellant. This General may not do. See *Sheppard v. Post,* 142 Ga. App. 646 (3) (236 SE2d 680) (1977). There being no enumeration of error concerning the validity of the foreclosure assigned by General, we cannot pass on the question inasmuch as it is not properly before this court for review. *Partain v. State,* 139 Ga. App. 325, 327 (228 SE2d 292) (1976). Nor can Stewart's enumerations of error be enlarged to include other issues not made therein. *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70) (1970).

2. In relation to the grant of summary judgment in favor of Cameron and against Stewart, the trial court was looking for evidence of privity between the lender (Cameron) and the supplier (Stewart). At no point did Stewart allege or show that it had a contract with Cameron. It did not show that promises to pay Stewart for the paving were made to Stewart by Cameron, nor do any of the documents from Cameron to the various parties involved ever show that Cameron, in writing, agreed to assume any of General's indebtedness to Stewart for work performed by Stewart for General. See *Caldwell v. Rogers,* 140 Ga. App. 231 (230 SE2d 368) (1976).

Though it appears that Stewart furnished supplies to General and made improvements upon land owned by Cameron (under the security deed); and that Cameron was aware of the contract, and apparently consented for

the improvements to be made upon the land, this did not create a contractual privity between Stewart and Cameron. The argument that Cameron ratified and assented to the contract can mean nothing more than that Cameron gave its consent that the improvements should be made under the contract between General and Stewart, and could not mean that Cameron ratified or adopted the contract as one made for it by General acting in an agency capacity, so as to bring Cameron into a contractual relationship with Stewart. *Carr & Co. v. Witt,* 137 Ga. 373, 374 (2) (73 SE 668) (1912). While we recognize the principle that in some instances a true owner may bind himself where improvements are made on his property if he consents to the contract under which the improvements are made (*Reppard, Snedeker & Co. v. Morrison,* 120 Ga. 28 (1) (47 SE 554) (1904); *Rutland Contracting Co. v. Sallie E. Gay Estate,* 193 Ga. 468, 471 (18 SE2d 835) (1942)), the fact remains that, before the owner can ratify the acts of the party who procured the improvements to be made, that party must have acted or attempted to act as agent of and on the behalf of the owner. *Thompson v. Brown,* 121 Ga. 814 (2) (49 SE 740) (1904); *Federal Deposit Ins. Corp. v. Thompson,* 54 Ga. App. 611 (2b) (188 SE 737) (1936). In this case, Stewart did not allege that Cameron had adopted the contract as one made for Cameron by General acting as Cameron's agent. In the absence of such an allegation, there was no issue concerning ratification or adoption. *Morgan v. May Realty Co.,* 86 Ga. App. 261, 264 (71 SE2d 438) (1952). See *Murray v. Reliance Mtg. &c. Co.,* 114 Ga. App. 534 (151 SE2d 883) (1966). Nor did the evidence introduced before the trial court establish any privity between Stewart and Cameron. Stewart was bound by the contract between itself and General, and General was bound by the contract between itself and Cameron. Those contracts were introduced as evidence before the trial court. There is nothing in those contracts indicating that Cameron undertook to assume the debts of General or promised to pay any money to Stewart. Cameron's deed to secure debt was superior to the lien taken by Stewart (and satisfied by General) as well as the subsequent security deed taken by Stewart from General in satisfaction of the lien. Thus

Cameron's enforcement of its right under its superior security deed would not affect Stewart's interest in the real property. *Bowen v. Kicklighter,* 124 Ga. App. 82 (1) (183 SE2d 10) (1971). See *Lummus Supply Co. v. Fidelity Savings &c. Assn.,* 141 Ga. App. 831, 834 (234 SE2d 671) (1977). In the absence of an attack upon the regularity of the foreclosure sale, Stewart has no standing to complain of Cameron's exercise of its right to foreclosure under its admittedly legal security deed. There being no evidence of privity between Cameron and Stewart, or that General acted as the agent for Cameron in the improvements, or that Stewart has any complaint concerning the regularity of the foreclosure sale, the trial court did not err in granting Cameron's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 6, 1977 — DECIDED SEPTEMBER 15, 1977.

*John Lantz, R. W. Denicke, Jr.,* for appellant.
*Dodd, Driver, Connell & Hughes, Randall L. Hughes, Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellees.