## 56298. ROBERSON v. HART.

Shulman, Judge.

In a trial arising from an automobile collision, judgment was entered on a jury verdict in favor of the

defendant. The sole enumeration of error in this appeal concerns the trial court's refusal to charge in accordance with appellant's written request to charge.

1. At the conclusion of the jury charge, plaintiff-appellant objected as follows: "The plaintiff excepts to failure of the Court to charge plaintiff's request to charge number 5 on the ground that this was adjusted to the facts in evidence. . ."

Appellee, citing *Harper v. Ga. S. & F. R. Co.*, 140 Ga. App. 802 (7) (232 SE2d 118), urges that this objection to the refusal to charge is insufficient to invoke appellate review of asserted errors as a matter of right. It would follow from this argument that since the right to review was not preserved, review can be had only as authorized by Code Ann. § 70-207 (c). We disagree.

*Harper* is inapposite because it concerns the sufficiency of objections to charges as given. Although past decisions may suggest that objections to the court's refusal to charge as requested are controlled by the same rule governing objections to the failure to charge or objections to the charges as given (see in this regard, *DuFour v. Martin,* 117 Ga. App. 160 (3) (159 SE2d 450); and *McChargue v. Black Grading Contractors, Inc.,* 122 Ga. App. 1 (10) (176 SE2d 212)), the Supreme Court has held otherwise. See *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2) (195 SE2d 417). Thus, " '[w]here the trial court refused to instruct the jury in accordance with a timely submitted written request, in order to secure review of that action on appeal it is unnecessary for the party to state grounds of objection to such refusal at the conclusion of the charge.' " *Jones v. Spindel,* 128 Ga. App. 88 (10) (196 SE2d 22). It is only necessary that the refusal to charge be objected to at some point. Compare *Lewis v. Noonan,* 142 Ga. App. 654 (4) (236 SE2d 900).

Accordingly, appellee's argument that appellant's objection was insufficient is not well taken, and, under the authority of *Continental Cas. Co.,* supra, we deem it proper to review appellant's enumeration of error.

2. Request to Charge No. 5 concerned sudden emergency and read as follows:

"Ladies and Gentlemen, I charge you that one confronted with a sudden emergency is not chargeable

with the same circumspection of conduct as in other cases, and where one driving an automobile along a public road, upon coming over a hill, is confronted by a vehicle approaching from the opposite direction and over the center line of the road, an emergency is thereby created as a matter of law, and though his subsequent conduct may appear, in retrospect, to have been unwise, he will not be barred of a recovery from the driver of the vehicle being driven over the center line of the road by the mere fact that at the time of the collision between the two, his vehicle was being driven on the left side of the road." See *Williams v. Slusser,* 104 Ga. App. 412, 413 (121 SE2d 796). (*Williams* is specifically cited as authority in appellant's timely written request.)

Appellant concedes that the court's charge included a general charge on sudden emergency (not in the language of Request to Charge No. 5). On appeal, it is urged that a portion of the refused charge (to the effect that a mere violation of a rule of the road would not bar appellant's recovery) was not covered in the general charge and that this omission constituted reversible error. We disagree.

A. "A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893). See also *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826 (131 SE2d 634) holding that the trial court may properly refuse a requested charge when the requested charge is infected with any inaccuracy, even though the request may not be so erroneous as to require reversal if given.

B. While the requested charge is substantially in the same language as *Williams v. Slusser,* supra, Division 3, we note that "language of a reviewing court's opinion is not necessarily appropriate for use by a trial judge in charging a jury. [Cits.]" *Bailey v. Todd,* 126 Ga. App. 731 (6) (191 SE2d 547).

Aside from other defects, if any, the requested charge was incomplete and imperfect in that it failed to qualify the emergency as one not arising from any fault of the party confronted with the emergency. See *Munday v.*

*Brissette,* 113 Ga. App. 147 (8) (148 SE2d 55), revd. on other grounds, 222 Ga. 162 (149 SE2d 110). Compare *Morrow v. Southeastern Stages, Inc.,* 68 Ga. App. 142 (3) (22 SE2d 336), involving a charge held to be proper as given. As such, the trial court properly rejected the entire charge, including the portion of the requested charge allegedly not covered in the general charge. *Western Union Tel. Co. v. Owens,* 23 Ga. App. 169 (5) (98 SE 116).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 18, 1978 — DECIDED DECEMBER 5, 1978.

*George W. Fryhofer,* for appellant.
*Dye, Miller, Bowen & Tucker, A. Rowland Dye, Thomas W. Tucker, A. Montague Miller, Lewis & Lewis, Preston B. Lewis, Jr.,* for appellee.