## 58407. BROWNING v. REWIS et al.

46

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 12, 1979 — REHEARINGS DENIED OCTOBER 25, 1979 —

*Dane Perkins,* for appellant.
*Elsie H. Griner,* for appellees.

DEEN, Chief Judge.

1. The jury returned a special verdict in answer to various questions presented to it; among other things it found that the notes to Tifton Federal Savings and Loan were not in default at the time Mrs. Browning attempted to accelerate the debts, returned the October payment (a cashier's check had been given the bank and by it transferred to her) and filed the foreclosure suit which was later dismissed. This finding can be justified on the basis of evidence that the bank had put its transaction on computer for its own convenience and treated all installment payments as though they were due on the first day of the month. We do not actually know when the cashier's check was tendered; we do know that the note was transferred to Mrs. Browning on October 2 and that she turned the check over to her attorney, who refused it by letter dated October 4. A letter dated October 4 also attempted to accelerate the debt and demanded payment within 10 days to avoid attorney fees under Code § 20-506.

There is sufficient evidence to support a finding that the check was not late when received, or, if a day or two late, that the bank had been in the habit of accepting such payments although, going strictly by the notes, the payment dates would have been on the 17th and the last day of the month respectively. Under these circumstances, the note payments, if a day or so late, should have been accepted under Code § 20-116 requiring that mutual temporary disregard of contract provisions requires notice before reliance on its exact terms. *State Mutual Ins. Co. v. Strickland,* 218 Ga. 94 (1) (126 SE2d

683) (1962). If the payment to the bank was late under its exact terms but within the time frame of acceptance as a matter of fact, then Mrs. Browning was not a holder in due course (Code § 109A-3—302(1)(c)) and the notes were subject to any defense against her which the payors would be entitled to urge against the bank, the original payee. Code § 109A-3—306(b). "A purchaser who acquires such note after default as to one of its instalments is not a holder in due course, but takes the instrument with notice of its dishonor, and subject to any defense or equity which could be pleaded as against the original payee." *Verner v. McLarty,* 213 Ga. 472, 476 (99 SE2d 890) (1957). The denial of attorney fees as to these notes is supported by evidence.

2. As to the Bray Lumber Company note, a slightly different situation obtains. This was a 90-day note dated July 31, 1978, and was not claimed to be in default when this suit was brought on October 12, but it did go into default shortly thereafter, a proper statutory notice under Code § 20-506 was mailed on November 1, and no payments were made, either then or later. As holder of the note and second security deed Mrs. Browning was entitled, until she became the owner of the property, to receive payments and to accelerate the debt on default, even pending this suit. *Bennett v. Adel Banking Co.,* 144 Ga. App. 282 (6) (241 SE2d 23) (1977); *Farnan v. Nat. Bank of Ga.,* 142 Ga. App. 777 (2) (236 SE2d 923) (1977). There were no prior installment payments, and hence no disregard of contract terms as to this note. That part of the judgment finding in favor of the appellee on this issue is reversed.

*Judgment affirmed in part and reversed in part. Shulman and Carley, JJ., concur.*