## 59105. REWIS et al. v. BROWNING.

Shulman, Judge.

When appellee (the assignee of certain notes secured by deeds to appellants' property) declined to exercise an option to repurchase appellants' property at cost and commenced foreclosure proceedings, appellants filed an action seeking to enjoin the foreclosure, specific performance of the option agreement, and other remedies. By way of counterclaim, appellee sought to recover on certain notes. Plaintiffs appeal from the ensuing judgment entered on a jury verdict in their favor on the main claim and in favor of appellee on her counterclaim. (For a prior appearance of this case involving appellee's appeal of the counterclaim, see *Browning v. Rewis,* 152 Ga. App. 45.) On appeal, we affirm with direction.

1. Appellants originally filed this appeal in the Supreme Court. In transferring the appeal to this court, the Supreme Court determined that a stipulation between the litigants removed the issues relating to specific performance of the repurchase agreement and injunction against foreclosure. Since that determination is binding on this court, we will not consider enumerations of error relating to these issues. *Armstrong v. Lawyers Title Ins. Corp.,* 138 Ga. App. 727 (1) (227 SE2d 409).

2. The option agreement forming the basis of appellants' claim (which agreement effectively created a right of first refusal to repurchase the property) provided in pertinent part as follows: "[I]n the event that the Buyer [appellant herein] desires to sell the property, Seller [appellee herein] shall have the option to purchase same back by paying Buyer his original cost, plus all legal expenses and also pay Buyer the cost of any

improvements made on the property." Appellants, submitting that the uncontradicted evidence showed the total cost of improvements to be $65,458.62, urges that the verdict should have been directed in that amount.

The evidence which appellants maintain demanded the verdict for the aggregate amount of $65,458.62 included the following: routine yard maintenance, routine upkeep and replacement costs, homeowners insurance, the estimated value of appellants' labor, and the entire amount owing on an unpaid note to finance the installation of a well.

Since the aggregate sum sought by appellants necessarily included sums not constituing improvements, and claims for expenses not incurred (which sums were not compensable elements of damages), the trial court properly denied appellants' motion for directed verdict as to the aggregate amount. See, e.g., *Carr v. Jacuzzi Bros., Inc.,* 133 Ga. App. 70 (3) (210 SE2d 16); *Colonial Lincoln-Mercury Sales v. Molina,* 152 Ga. App. 379 (6) Cf. generally *Bowen v. Ken-Mar Const. Co.,* 152 Ga. App. 568 (1C).

3. By way of counterclaim, appellee (as assignee) sought to recover on a note executed by appellant-Ronald Rewis, which note was secured by a deed to appellants' property. Appellants moved for a directed verdict as to this claim on the ground that the note violated the Secondary Security Deed Act (Ga. L. 1966, p. 574, as amended; Code Ann. Ch. 57-2), and was therefore unenforceable (Code Ann. § 57-203). We find no error in the trial court's denial of this motion.

A. The uncontradicted evidence shows that the note forming the basis for this counterclaim was given in exchange for materials used in appellant-Ronald Rewis' business. This being so, the note was not a loan within the meaning of Code Ann. Ch. 57-2 (cf. *Pickens Inv. Co. v. Jones,* 82 Ga. App. 850 (62 SE2d 753); *Graham v. Lynch,* 206 Ga. 301 (1) (57 SE2d 86)), and the court properly rejected appellants' contention that Code Ann. Ch. 57-2 precluded appellee from recovering on the note.

B. Pursuant to the special verdict, the trial court entered judgment against plaintiffs Ronald D. Rewis and Celia N. Rewis for the principal on the note, plus interest.

Since appellant-Celia Rewis was not a signatory to the note and no evidence appears which would authorize a finding that Ms. Rewis should be personally bound thereby, we must agree with appellant-Ms. Rewis' contention that this portion of the judgment is without evidentiary support. Cf. *Stewart Bros., Inc. v. General Improvement Corp.,* 143 Ga. App. 258 (2) (238 SE2d 259). It follows that the judgment must be modified to reflect that appellant-Ms. Rewis is not personally liable on the note.

4. Judgment was entered on a jury verdict against appellant-Mildred Nobles for malicious use of process. We cannot agree that uncontroverted evidence that appellee had trespassed on appellants' property demanded a finding of probable cause to obtain a warrant for criminal trespass.

Appellee presented evidence that she had gone on the property at a time after the appellants' house was vacant in order to investigate the presence of two men who were apparently loading personalty onto a pickup truck.

Even though appellee had admittedly trespassed, the evidence certainly did not demand a finding that appellant-Nobles had probable cause to cause a warrant to issue against appellee for criminal trespass. *Kviten v. Nash,* 150 Ga. App. 589 (4) (258 SE2d 271).

5. The record fails to support appellants' contention that they were denied the opportunity to be heard on the question of supersedeas and conditions thereof.

6. As authorized by Code Ann. § 81A-149 (a), the trial court required the jury to return a special verdict. Appellants, submitting that the special verdict failed to include certain issues raised by the pleadings and evidence, assert that the use of the special verdict constituted reversible error. This is not well taken.

"If [appellants] had desired other and additional questions, they should have suggested them to the court..." *Bailey v. Williams,* 155 Ga. 806 (1), 808 (118 SE 354). Their failure to raise the issue on the trial level precludes consideration on appeal. *King v. Cox,* 130 Ga. App. 91 (4) (202 SE2d 216).

7. Our review of the record fails to show the requested charges which were refused by the court. Thus,

we cannot consider alleged errors by the court in refusing to charge as requested. *Crider v. Scoma,* 142 Ga. App. 413 (2) (236 SE2d 150); *Smith v. Hardy,* 144 Ga. App. 168 (11) (240 SE2d 714). As to the standards governing the refusal of properly requested charges, see *Roberson v. Hart,* 148 Ga. App. 343 (2) (251 SE2d 173).

8. Appellants' contention that the trial court erred in failing to fully charge on the Secondary Security Deed Act is not well taken. Since appellants' evidentiary presentation did not raise the issue (see Division 3A of this opinion), the charge was not authorized.

9. Appellants assert that the trial court erred in failing to charge on the Fair Business Practices Act of 1975 (Ga. L. 1975, p. 376 et seq. Code Ann. Ch. 106-12). We disagree.

Since appellants failed to comply with the requisite notice requirements contained in Sec. 10 (b) of the FBPA, the trial court properly refused to submit this claim to the jury. We must reject appellants' assertion that the original complaint (which was the subject of a disallowed amendment setting forth the FBPA claim) constituted notice as contemplated by Code Ann. § 106-1210 (b).

10. The trial court entered an order which forbade the litigants and their respective attorneys from discussing this case with the jurors, whose verdict was made the judgment of the court. Appellants, citing *Castellio v. State,* 143 Ga. App. 386 (238 SE2d 746), suggest that this ex parte order exceeded the authority of the trial court.

Since appellants do not allege that they have been held in contempt and the record does not show the imposition of any fine or imprisonment for any alleged contempt, the order is not an appealable judgment. *In re Crudup,* 149 Ga. App. 214 (253 SE2d 802). Compare *In re Prisoners Awaiting Transfer,* 236 Ga. 516 (1) (224 SE2d 905), where the order of the court mandated a prescribed action subjecting a party to contempt for failure to comply therewith.

11. In the absence of any objection or proper request, we refuse to hold that the trial court erred in failing to charge on the principles embodied in Code Ann. § 20-116. See, e.g., *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921).

But see *Browning v. Rewis,* supra, (1), noting that the verdict as rendered was justifiable under Code Ann. § 20-116.

*Judgment affirmed with direction. Quillian, P. J., concurs. Carley, J., concurs specially.*

SUBMITTED JANUARY 7, 1980 — DECIDED FEBRUARY 7, 1980.

*Elsie H. Griner, J. Laddie Boatright,* for appellants.
*Dane Perkins,* for appellee.

CARLEY, Judge, concurring specially.

I concur wholeheartedly in the result reached by the majority and in all that is said in the majority opinion. However, I would like to make an observation with regard to Division 4 of the majority opinion. The majority refers to the fact that there was a jury verdict against appellant-Mildred Nobles for malicious use of process. This is a correct statement from the record in that the special verdict form completed by the jury used the words "malicious use of process." However, as is apparent from the factual recitation in the majority opinion and from the entire record, appellee's cause of action as asserted in the counterclaim was for malicious prosecution as defined in Code Ann. § 105-801. The term "malicious use of process" refers only to civil actions. However, it is noted that the trial judge properly charged the jury as to all elements of malicious prosecution in accordance with Code Ann. Chapter 105-8. No objection to the form of the verdict was raised and, in view of the evidence and the correct charge, the erroneous terminology in the special verdict has no substantive significance. However, I make this observation so that the Bench and the Bar will not read our opinion in this case as an indication that the terms "malicious use of process" and "malicious prosecution" are interchangeable.