## 60565. BROWNING v. REWIS et al.

SHULMAN, Judge.

This is the third appearance of this case. For the prior appearances of this case and a more complete statement of the facts, see *Browning v. Rewis,* 152 Ga. App. 45 (262 SE2d 174); and *Rewis v. Browning,* 153 Ga. App. 352 (265 SE2d 316). The issue presented here is whether appellant-Browning, who was directed to pay the Rewises $15,183.66 for the purchase of their property (to which the Rewises jointly held title) can deduct from that sum a debt (in the amount of $11,991.21) owed to her solely by Mr. Rewis.

The court below held that appellant could only set off that portion of the debt owed by Mr. Rewis in an amount equal to his proportionate share of the jointly held property. Appellant submits that she is entitled to set off the entire amount of Mr. Rewis' debt against her debt to the Rewises for the purchase of their property. We disagree and, accordingly, affirm the judgment of the lower court.

We find that the trial court's order directing appellant to pay appellees for their property in the manner so described was proper and in accordance with the directive of this court in 153 Ga. App. 352 (Division 3B). We held there that Mr. Rewis' debt was a personal debt and that "the judgment must be modified to reflect that . . . Mrs. Rewis is not personally liable on the note."

It follows, then, that it would have been inappropriate for the lower court to permit appellant to set off the whole of Mr. Rewis' debt against money owed jointly to Mr. and Mrs. Rewis. To hold otherwise would deprive Mrs. Rewis of the money to which she was entitled for her share of the property and would render meaningless this court's holding in Division 3B of 153 Ga. App. 352.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED
OCTOBER 23, 1980.

*Dane Perkins,* for appellant.
*Elsie H. Griner,* for appellees.