A90A2263. WHITE v. LAWYERS TITLE INSURANCE
CORPORATION.
(399 SE2d 526)

DEEN, Presiding Judge.·

Lawyers Title Insurance Corporation ("Lawyers Title") issued a title insurance policy to White which insured title to certain property that White purchased from Blackman for $131,896.74, and which was described only as "2727 Spalding Drive" in the purchase contract. White claims that he was led to believe that he was purchasing four tracts of land (referred to as parcels 1, 2, 3, and 4) when he walked the property line with Blackman, but in reality, he paid for parcels 2, 3, and 4, and received a warranty deed describing only parcels 2 and 3. The metes and bounds description contained in the warranty deed was repeated in the title insurance certificate.

The four original parcels of land were owned by Herndon, who conveyed parcels 1 and 2 by warranty deed to McLean in 1973, and the deed was duly recorded. In 1975 Herndon executed a warranty deed in favor of South, but, because of a faulty survey, the deed described parcels 2 and 3 instead of parcels 3 and 4. This deed was also recorded. The title policy issued to South by Lawyers Title also described parcels 2 and 3. In 1977 South conveyed his interest to Blackman, and the erroneous property description was repeated. Lawyers Title again issued a title policy to Blackman insuring the described lands of parcels 2 and 3, and the deed was recorded. After August 24, 1979, the date White closed his contract with Blackman, McLean held title to parcels 1 and 2, appellant had clear title to parcel 3, and, because of the faulty survey, when Herndon attempted to convey parcel 4 to South, title to parcel 4 remained in Herndon. Shortly after the closing, appellant attempted to sell one acre from parcels 1 and 2 and was informed by McLean that he (McLean) held title to these two parcels of land. In 1980 White made a claim against the title insurance company for parcel 2, reached a settlement in the amount of $30,000, and executed a release. Nearly six years after the settlement, White brought suit against Lawyers Title, Herndon, South, Blackman, and the law firm which acted as closing attorney

for the bank, contending that the title policy described only about one-half of the property that the parties intended to convey and included a description of three-fourths of an acre already owned by a third party. White sought reformation of his deed to include parcel 4, reformation of the title insurance contract, a claim for legal fraud alleging a careless misrepresentation to him that he was purchasing good title to 2727 Spalding Drive, damages for loss of the sale of one acre from parcels 1 and 2, restitution of the money he paid for parcel 1, attorney fees, punitive damages, and title to parcels 1 and 4. South and Blackman have since disappeared and were served by publication, but did not respond to the complaint.

Lawyers Title filed a motion for summary judgment, which was heard in March of 1988, contending that there were no issues relating to White's claim to parcels 1, 2, and 4 for which it could be held responsible. The court granted the motion as to parcels 1 and 2, but denied it as to parcel 4 because issues remained with respect to White's claim to parcel 4. Subsequently, White moved for summary judgment as to parcel 4 and, by order filed January 27, 1989, the trial court entered summary judgment in favor of appellant and against Herndon as to title to parcel 4. White sold parcels 3 and 4 in 1989 for $465,000.

In 1989, more than one year after the March 1988 grant of partial summary judgment, appellant took the position that the order granting partial summary judgment to Lawyers Title was not final and could and should be reconsidered. The parties entered into a consent order in September 1989, which provided that parcel 4 was awarded to White after the entry of partial summary judgment (in January of 1989) so that it was no longer a matter of contention between White and Lawyers Title, that the parties disagreed that the March 1988 order was substantively correct as to parcels 1 and 2, and agreed that the order was not a final order pursuant to OCGA § 9-11-54 (b) (grant of partial summary judgment). The agreement further stated that the parties desired a determination of whether the March 1988 summary judgment order should be set aside, revised, or made a final order.

When a hearing was finally held, the trial judge (Judge Fuller) ordered that the motion for reconsideration should be heard by Judge Peeler because he granted the original motion. When the motion came before Judge Peeler, he held that the motion for reconsideration was not timely and that Lawyers Title was entitled to final judgment on all claims since White had been awarded summary judgment against Herndon as to parcel 4 and it was no longer an issue in the case. White brings this appeal against only Lawyers Title.

1. We find no error in the trial court's refusal to reconsider the 1988 grant of partial summary judgment to Lawyers Title. It is well-established that a motion to reconsider does not toll the time for fil-

ing an appeal. *Lawler v. Ga. Mut. Ins. Co.*, 156 Ga. App. 265 (276 SE2d 646) (1980); *Ellis v. Continental Ins. Co.*, 141 Ga. App. 809 (234 SE2d 377) (1977). The trial court was not required, as alleged by appellant, to reconsider the grant of summary judgment simply because the consent order was set down for a hearing. Judge Fuller did not order Judge Peeler to reconsider his order; he merely transferred the matter to Judge Peeler because it was his original order that was at issue. Judge Peeler exercised his discretion in declining to reopen the case, holding that the motion was not timely. We find no error in this ruling. Only the filing of a motion for a new trial, a motion in arrest of judgment, or a motion for a judgment notwithstanding the verdict can toll the period for filing a timely appeal. *Ellis v. Continental Ins. Co.*, supra.

2. We further find that the consent order did not leave before the court the issue of recovery of expenses in obtaining title to parcel 4 as contended by appellant. The consent order merely states that Lawyers Title maintains that the order was correct substantively as to parcels 1 and 2, that White disagrees, and "both parties agree that it is not a final order pursuant to OCGA § 9-11-54 (b)." Appellant now argues that the consent order only settled legal title, but that he may still recover the expenses incurred in obtaining parcel 4 from defendant Herndon. As this appeal involves only appellee Lawyers Title, and Lawyers Title did not attempt to insure parcel 4, we cannot see where any claim can be made against it. White claims that he walked the boundaries of the property in question with his seller and that the seller, Blackman, represented that he owned title to parcels 1 through 4 when, in fact, he held title only to parcel 3. Title insurance, however, does not insure the representations of the seller, it insures only the warranty of title contained in the deed. *Lynburn Enterprises v. Lawyers Title Ins. Corp.*, 191 Ga. App. 710, 711 (382 SE2d 599) (1989). See also OCGA § 33-7-8 for a definition of title insurance. Appellee satisfied its duty under the title insurance policy when it paid appellant's claim for failure to receive good title to parcel 2 in 1980. While we agree that the March 1988 order states that there were other issues remaining as to parcel 4, and it would not grant summary judgment to Lawyers Title as to parcel 4, we agree with Judge Peeler that the court's subsequent award of title to that parcel to White settled the issue of title to the property.

3. As to the issue of expenses incurred in obtaining title to that property, the only contract between White and Lawyers Title was the title insurance policy. After the consent order was entered, appellant amended his pleadings, but made no mention of the parcel 4 claim now asserted, and a deposition taken shortly before the scheduled hearing makes no mention of such a claim. It was only one week prior to the hearing that appellant filed another amendment seeking an

added claim for expenses incurred in obtaining parcel 4. As this issue was not a part of the record on which summary judgment order was entered and appellant was seeking to have reconsidered, the trial court did not err in failing to consider it.

4. As to the issue of reformation of the title insurance policy to include parcel 4, appellant's reliance upon *Armstrong v. Lawyers Title Ins. Corp.*, 138 Ga. App. 727 (227 SE2d 409) (1976), as controlling in this case is misplaced. In that case Lawyers Title issued a policy for the entire fee, but the purchaser, who believed that he was purchasing the entire fee, received only a one-half interest under the warranty deed. Upon trying to sell the property, the purchaser learned that he had received only a one-half undivided interest in the property and could not convey fee simple title. Armstrong brought suit against Lawyers Title seeking a money judgment for the value of the fee. This court held that it was a question of fact as to whether Lawyers Title insured the entire fee or only a one-half undivided interest therein. The court went on to note that the plaintiff purchased the title insurance policy and paid the premium for the entire fee, but the insurer wished to reduce its coverage to one-half of what it charged premiums for insuring. In the case sub judice, appellant received and paid for title insurance on only two of the four parcels in question. *Armstrong* does not support appellant's position that evidence of his belief that he was getting all four parcels from his seller can create a material issue of fact as to the intent of the parties outside the description of the property contained in the title insurance policy, or that the scope of the policy can be expanded beyond its terms by such evidence. The policy is clear and unambiguous: it specifically covers only parcels 2 and 3. "Parol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1).

5. Appellant's fraud claim is time-barred under OCGA § 9-3-31 which provides for a four-year statute of limitation.

We find no merit in any of appellant's enumerations of error.
*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 14, 1990 —
REHEARING DENIED NOVEMBER 29, 1990.

*Walter B. Russell, Jr.*, for appellant.
*Smith, Gambrell & Russell, David C. Newman, Robert W. Beynart*, for appellee.